60481. GRAY et al. v. LYNCH CONTRACTORS, INC.

DEEN, Chief Judge.

The Grays appeal from an order of the State Court of Cobb County granting summary judgment in favor of Lynch Contractors, Inc., and dismissing their complaint.

On August 8, 1978, appellants entered into a contract for the sale of realty. The contract provided in part that the seller conveyed ". . . all plants, trees and shrubbery now on the premises or to be subsequently installed." The contract also provided that "[t]he terms and provisions of this contract shall survive the closing," and that the contract constituted the sole and entire agreement between the parties. The following spring, it became apparent that six large hardwood trees had died. Appellants requested Lynch to remove the trees, it refused, and legal proceedings were instituted. Appellee moved for summary judgment and appellant responded with affidavits showing the value of trees and that the trees died as a result of damage to the root systems during construction.

Both the Supreme Court and this court have ". . . followed the general rule that antecedent sales contracts covering the purchase and sale of real property merge in a subsequent deed involving the same property. Thus, where in a contract for sale of land the parties execute a preliminary sales contract and subsequently reduce that contract to a finality evidenced by a deed to secure debt, the terms of the preliminary contract, *where not otherwise reserved,* are merged into the deed, and those terms, conditions or recitals contained in the preliminary sales contract which are not included in the deed are considered as eliminated, abandoned or discarded. [Cits.]" (Emphasis supplied.) *Jordan v. Flynt,* 240 Ga. 359, 362 (240 SE2d 858) (1977). Thus, it is clear that this case is an exception to the merger rule. The intent of the parties that the contract survive the closing is evidenced by the insertion of the no merger provision. "When the parties intend survival rather than extinction of contract provisions such as these following execution of the deed, new papers are not legally necessary to effect the survival of such contract provisions. *Kollen v. High Point Forest, Inc.,* 104 Ga. App. 713, supra." *Knight v. Hedden,* 112 Ga. App. 847, 850 (146 SE2d 556)

(1965).

As the provisions of the contract did not merge with the deed, it is a jury question as to whether there was a breach of contract which was not capable of discovery at or prior to the closing.

*Judgment reversed. Birdsong and Sognier, JJ., concur.*

ARGUED SEPTEMBER 9, 1980 — DECIDED OCTOBER 21, 1980 — REHEARING DENIED NOVEMBER 17, 1980 —

*Alan R. Peters,* for appellants.
*Susan L. Saparow,* for appellee.