## 67601. BULMER v. SOUTHERN BELL TELEPHONE & TELEGRAPH COMPANY.

QUILLIAN, Presiding Judge.

Plaintiff-appellant Bulmer was an employee of South Central Bell in Louisiana and, apparently motivated by her husband's transfer to Atlanta in his employment, communicated with defendant-appellee Southern Bell regarding an intercompany transfer to a position with appellee in Atlanta. Apparently believing that she would be employed by appellee in Atlanta at a certain position, appellant took leave from her employment in Louisiana, sold her house there and moved to Atlanta. When she arrived, she was not employed by appellee at the position and salary she had anticipated, but at a lesser and lower salaried position at a later date.

Appellant instituted this action alleging in count 1 breach of contract of employment, and in counts 2, 3 and 4 breach of a specific duty "flowing from relations between the parties created by the contract described above . . . to refrain from a course of conduct which would reasonably induce plaintiff to believe she had employment in Atlanta . . . so as to cause plaintiff to resign her job in Louisiana and move to Atlanta," resulting in "wounded feelings"; negligent breach of a duty "to handle her transfer (or attempted transfer) properly and prudently after having agreed to undertake the handling of the transfer (or attempted transfer)"; and "aggravating circumstances" for which punitive damages were demanded.

Appellee's motions to dismiss counts 2, 3 and 4, the allegations of tortious conduct, for failure to state claims upon which relief may be granted, were granted by the trial court. Eleven months later, after discovery, appellee was granted summary judgment on count 1, the alleged breach of contract, from which order this appeal is taken. In this court, appellant concedes that the contract alleged in count 1 is unenforceable and does not contest the validity of the grant of summary judgment thereon, only the dismissal of the three counts in tort. *Held*:

As the appeal enumerates as error dismissal of the tort counts for failing to state a cause of action, we need consider only the allegations of appellant's complaint.

Although appellant contends that the duty owed to her by appellee is a common law duty and exists independently of any contract, she ambiguously alleges breaches of specific duties "flowing from relations between parties created by the contract described above," and an agreement "to undertake the handling of the transfer (or attempted transfer)."

Absent a special relationship, no action for breach of a duty arising from a contract exists independent of the contract. "There are

certain classes of contracts that create a relation from which the law implies duties a breach of which will constitute a tort, and 'in such cases an injured party may sue either for breach of the contract, or in tort' for breach of the implied duty. This rule applies in certain contractual relations between principal and agent, bailor and bailee, attorney and client, physician and patient, carrier and passenger or shipper, master and servant, and similar well-recognized relations; but it is not every contractual relation which involves a public duty the breach of which will support an action in tort." *Manley v. Exposition Cotton Mills*, 47 Ga. App. 496, 497 (170 SE 711).

" '[I]n order to maintain an action ex delicto because of a breach of duty growing out of a contractual relation the breach must be shown to have been a breach of a duty imposed by law and not merely the breach of a duty imposed by the contract itself. [Cits.] This is consistent with the definition of a tort set forth in Code § 105-101. "Duty imposed by law" as used in this context means, of course, either a duty imposed by a valid statutory enactment of the legislature or a duty imposed by a recognized common law principle declared in the reported decisions of the appellate courts . . .' " *Sutker v. Pa. Ins. Co.*, 115 Ga. App. 648, 651 (155 SE2d 694).

" ' ' "Generally, a mere breach of a valid contract amounting to no more than a failure to perform in accordance with its term does not constitute a tort or authorize the aggrieved party to elect whether he will proceed ex contractu or ex delicto. [Cits.]" Even where it is shown that the defendant's failure to perform resulted in great annoyance or hardship to the plaintiff, recovery in tort is available only if the . . . contract is within those "certain classes of contracts that create a relation from which the law implies duties a breach of which will constitute a tort . . ." ' [Cits.]" *Tate v. Aetna Cas. &c. Co.*, 149 Ga. App. 123, 124 (253 SE2d 775).

Nothing is alleged to show there was any such special relationship between appellant as an applicant for employment and appellee as a prospective employer. Indeed, appellant's counsel conceded in oral argument to the trial court that there was no special relationship and appellant admitted as much in her deposition.

There is no valid contract in existence in this case, and absent such there can be no liability in tort for breach of an invalid or nonexistent contract. *Mauldin v. Sheffer*, 113 Ga. App. 874, 877 (150 SE2d 150).

Since appellant has alleged no special relationship between herself and appellee establishing a possible duty breach of which would constitute a tort; and has presented no statutory or common law authority establishing such a duty imposed by law arising out of an alleged contract or otherwise, nor do we find any, we affirm the trial court's dismissal of the counts in tort.

*Judgment affirmed. Birdsong and Carley, JJ., concur.*

DECIDED APRIL 6, 1984.

*J. Robert Joiner*, for appellant.

*Lawrence E. Gill, Vincent L. Sgrosso, Martin T. Walsh*, for appellee.