77060. GATEWAY MANAGEMENT COMPANY v. SUTTON.
77061. H. C. CONSTRUCTION, INC. v. SUTTON.
(375 SE2d 462)

DEEN, Presiding Judge.

Sondra Sutton sued Gateway Management Company (hereinafter "Gateway") and H. C. Construction, Inc. (hereinafter "H. C. Construction"), to recover damages resulting from injuries sustained when she slipped and fell upon certain construction debris allegedly left by H. C. Construction upon the unlit common areas of the premises managed by Gateway. This appeal is from the denial of the defendants' motions for summary judgment.

On the evening of October 1, 1986, Sutton was walking back to her apartment from the apartment of a friend, Karen Maxwell, when she fell upon a pile of cement "chips" which had allegedly been left in the grassy area behind Maxwell's apartment by H. C. Construction, who was repairing and replacing the sidewalks and outside steps in the apartment complex. The area in which she fell was not lit because of non-functioning exterior lights located on the apartment complex premises.

In support of their motion for summary judgment, appellants relied on the deposition testimony of both Maxwell and Sutton. Maxwell, who witnessed appellee's fall, testified that it was "common knowledge" that there was debris in the common areas of the apartment complex; that Mrs. Sutton "knew how the grounds were" when asked about Sutton's knowledge of the area before her fall; and that directly before Sutton's fall, she could see from the back door of her patio the "larger piles" of debris in the general area of Sutton's fall.

Sutton testified in her deposition that she was aware that the construction work had been in progress at her complex for a couple of months prior to her fall; that she had contacted the manager at least three or four times about the debris in the "grassy area behind apartment unit patios"; that she had taken photographs of the construction debris left in the common areas before her fall; that she also complained about the debris to the employees of H. C. Construction, but that the employees were foreigners who apparently did not understand her; and that she did not see any debris when she was walking to her friend's apartment or later when she returned home. She claims that she became aware of the cement "chips" only after she fell.

Gateway contends the trial court erred in denying its motion for summary judgment because Sutton had prior and superior knowledge of the existence of construction upon the apartment premises and of the debris upon which she subsequently fell. H. C. Construction claims appellee had equal knowledge of the conditions which caused her fall, and also appeals the trial court's denial of its motion for summary judgment. *Held*:

In order to state a cause of action in a slip and fall case involving a foreign substance on the ground, the plaintiff must show that the defendant had actual or constructive knowledge of the foreign substance and that the plaintiff was without knowledge of the substance or for some reason was prevented from discovering it. *Alterman Foods v. Ligon*, 246 Ga. 620, 623 (272 SE2d 327) (1980). Concerning plaintiff's knowledge, "it is a plaintiff's knowledge of the *specific* hazard which precipitates the slip and fall which is determinative, not merely his knowledge of the generally prevailing hazardous conditions or of the hazardous conditions, which he observes and avoids." *Telligman v. Monumental Properties*, 161 Ga. App. 13, 16 (288 SE2d 846) (1982).

Nothing could be clearer from the record in the case sub judice than that appellee had known for months about the dangerous condition of the grounds resulting from repair work being done on the sidewalks in the apartment complex where she lived. She had complained numerous times to the management and the construction workers about the debris on the grounds; she had picked up construction debris herself to avoid injury to others; she had photographed the debris; she had traversed the route she took on the evening she fell not only earlier that evening but at least a couple of times each week, to visit with her friend and neighbor. Further, although appellee opined at her deposition that the darkness of the area across which she traveled as a result of a street light being out that evening contributed significantly to the cause of her fall, the record is replete with references to the fact that the light had been inoperative for months and that ap-

pellant was not only aware of it but had complained about that as well. Finally, despite the assertion in appellee's brief that she was simply trying to select the safer of two paths over which to return to her apartment, the record reveals that another route existed which was properly lighted, but longer.

It is thus apparent that appellee, fully conscious of the danger, chose to walk across an unlit area in which she had been seeing debris litter the ground for months. It would require a strained construction of these compelling facts to avoid the conclusion that appellee may not recover because she not only had intimate knowledge of the risk, but chose to assume that risk for the sake of her own convenience. There is no question here, just as there was not in *Taylor v. McDonald*, 183 Ga. App. 320 (359 SE2d 1) (1987), of other extenuating circumstances which sometimes exist in landlord-tenant slip and fall cases which soften our adherence to that time honored and eminently sensible principle. Compare, *e.g., Hull v. Mass. Mut. Life Ins. Co.,* 142 Ga. App. 269 (235 SE2d 601) (1977), and *Phelps v. Consolidated Equities Corp.,* 133 Ga. App. 189, 193 (210 SE2d 337) (1974), where the tenant's only other choice was to remain trapped in her apartment.

"It has often been held that the true basis for a landlord's liability to a tenant for injuries resulting from a defective or hazardous condition existing on the premises is the landlord's superior knowledge of the condition and of the danger resulting from it. [Cits.] This is merely a manifestation of the general rule regarding the liability of proprietors for injuries to invitees occurring on the premises. [Cits.]" *Richardson v. Palmour Court Apts.,* 170 Ga. App. 204, 205 (316 SE2d 770) (1984). " ' "The basis of the proprietor's liability is his superior knowledge, and if his invitee knows of the condition or hazard there is no duty on the part of the proprietor to warn him and there is no liability for resulting injury because the invitee has as much knowledge as the proprietor does and then by voluntarily acting in view of his knowledge, assumes the risks and dangers incident to the known condition." . . .' " *Pound v. Augusta Nat.,* 158 Ga. App. 166, 168 (279 SE2d 342) (1981).

In this case, assuming that appellant did, indeed, trip on the cement chips as claimed, " 'a finding is demanded that [her] fall resulted from a defective and unsafe condition of the premises of which she was aware; and [she] is therefore barred from recovery by reason of her failure to exercise ordinary care for her own safety.' [Cit.]" *Soto v. Roswell Townhomes,* 183 Ga. App. 286, 288 (358 SE2d 670) (1987).

*Judgments reversed. Carley and Sognier, JJ., concur.*

DECIDED SEPTEMBER 20, 1988 —
REHEARING DENIED OCTOBER 6, 1988 — 

*Trauner, Cohen & Thomas, Russell S. Thomas*, for appellant (case no. 77060).

*Long, Weinberg, Ansley & Wheeler, Arnold Wright, Jr., Ronald R. Coleman, Lance D. Lourie*, for appellant (case no. 77061).

*John F. Davis, Jr., Laura Davis King*, for appellee.