A89A0477. LITTLE et al. v. LIBERTY SAVINGS BANK, FSB.
(382 SE2d 734)

SOGNIER, Judge.

Patricia Ann Little and her husband, William Deryl Little, brought suit against Liberty Savings Bank, FSB and Adams Distributing Company d/b/a Macon Tile & Carpet Company to recover damages for injuries Mrs. Little sustained when she slipped and fell in the bank's building. The trial court granted summary judgment to Liberty Savings Bank, and the Littles appeal.

The record reveals that Mrs. Little was employed by INA Insurance Company, which rented office space in appellee's building. Appellee contracted with Adams Distributing to replace the carpeting in the eleventh floor hallway of the building. Mrs. Little testified by deposition that as she exited the elevator on the eleventh floor early in the afternoon of June 20, 1985, she and the others on the elevator noticed that the carpet had been removed, exposing the concrete floor. She walked down the bare hallway to the lunchroom, where she stayed for approximately 25 minutes. As she stepped back into the hallway from the lunchroom, which she testified had solid wood doors that swung outward (although there was testimony that the doors opened inward), upon taking her first step Mrs. Little slipped on carpet glue placed on the floor by employees of Adams Distributing and fell, injuring her leg and back. Mrs. Little recalled smelling the glue after she fell, and stated that the floor looked shiny and wet. William David Andre, appellee's operations manager, testified by affidavit that, other than requesting "that the carpeting be laid in stages so that persons in the building could use the hallways at all times," appellee gave no instructions to Adams Distributing regarding the method or manner of installation, and inspected the work only after completion.

Appellants contend the trial court erred by granting appellee's motion for summary judgment because material factual questions remain regarding whether Adams Distributing was acting as an independent contractor and whether appellee exercised the requisite degree of care.

"[W]here a landowner surrenders a portion of his premises to an independent contractor[,] the landowner is relieved of his duties with regard to the portion of the premises which he no longer controls. [Cit.] . . . 'Possession may be defined as having personal charge of or exercising the rights of management or control over the property in question. Custody and control are the commonly accepted and gener-

ally understood incidents of possession.' [Cit.]" *Towles v. Cox*, 181 Ga. App. 194, 195-196 (351 SE2d 718) (1986). In the instant case, although there is evidence Adams Distributing was an independent contractor, the record also reveals that the hallway was kept open for use by appellee's tenants or invitees, and that appellee specifically instructed Adams Distributing to sequence the work so as to permit access to the hallway at all times. Accordingly, "it cannot be said that [Adams Distributing] had possession and control of the premises to the exclusion of [appellee] such that [appellee] had no duty of care as an owner for the safety of invitees on the premises. Under the circumstances, whether [appellee] as owner of the property, [Adams Distributing] as contractor, or both were in control of the premises and, therefore, 'responsible for the work,' should be decided by the jury. [Cit.]" *Williams v. Nico Indus.*, 157 Ga. App. 814, 817 (2) (b) (278 SE2d 677) (1981), overruled in part on other grounds, *Malvarez v. Ga. Power Co.*, 250 Ga. 568, 569 (300 SE2d 145) (1983).

Appellee contends that the grant of summary judgment in its favor nevertheless was correct because Mrs. Little failed to exercise ordinary care to notice and avoid an obvious hazard. We do not agree.

To recover in a slip and fall case involving a foreign substance, "the plaintiff must show (1) that the defendant had actual or constructive knowledge of the foreign substance and (2) that the plaintiff was without knowledge of the substance or for some reason attributable to the defendant was prevented from discovering the foreign substance." *Alterman Foods v. Ligon*, 246 Ga. 620, 623 (272 SE2d 327) (1980). " 'The basis of the proprietor's liability is his superior knowledge, and if his invitee knows of the condition or hazard there is no duty on the part of the proprietor to warn him and there is no liability for resulting injury because the invitee has as much knowledge as the proprietor does and then by voluntarily acting in view of his knowledge, assumes the risks and dangers incident to the known condition. . . . (Cit.) (Cit.)' " *Folks, Inc. v. Dobbs*, 181 Ga. App. 311, 312 (1) (352 SE2d 212) (1986).

Appellee's argument is that appellants cannot claim lack of knowledge of the presence of the glue because Mrs. Little was aware when she entered the lunchroom that the carpeting had been removed. "However, it is a plaintiff's knowledge of the *specific* hazard which precipitates the slip and fall which is determinative, not merely his knowledge of the generally prevailing hazardous conditions or of the hazardous conditions which he observes and avoids. The true issue in a slip and fall case such as the instant one is whether 'the plaintiff was without knowledge of the (foreign) substance' which precipitated his slip and fall. [Cit.]" *Telligman v. Monumental Properties*, 161 Ga. App. 13, 16 (288 SE2d 846) (1982). Construed in favor of appellants as respondents on motion for summary judgment, the evi-

dence reveals that there was no glue in the hallway and no workers were present when Mrs. Little entered the lunchroom, and that when she exited by pushing the solid wood door outward, "as [she] opened the door . . . and stepped out, [her] feet just shot out from under [her]." She testified that she did not see or smell the glue until after she fell. "Under this construction of the evidence, appellant, though in the exercise of due care, was 'without knowledge of (the) presence' of the [glue] which caused her to slip and fall . . . [cit.]," *Telligman*, supra at 17, whereas appellee, having employed Adams Distributing to replace the carpet, had constructive knowledge of the presence of the glue. Compare *Gateway Mgmt. Co. v. Sutton*, 189 Ga. App. 296 (375 SE2d 462) (1988). Accordingly, as appellee's knowledge was superior to Mrs. Little's, we conclude the trial court erred by granting summary judgment to appellee. See *Telligman*, supra at 17.

*Judgment reversed. Banke, P. J., and Pope, J., concur.*

DECIDED MAY 31, 1989.

*J. Michael Carpenter*, for appellants.
*Mary M. Katz, Robert R. Gunn II*, for appellee.