A89A2212. TOYS 'R' US, INC. v. ATLANTA ECONOMIC DEVELOPMENT CORPORATION.
(393 SE2d 44)

COOPER, Judge.

This is an appeal of the grant of summary judgment by the trial court to appellee on appellant's breach of contract and tort claims.

Appellee contracted to sell, and appellant contracted to purchase, real property in an industrial park upon which appellant intended to construct a regional warehouse. The contract specified that prior to the closing, appellee was to furnish a building pad built to certain grade and soil bearing specifications. Appellee, a non-profit corporation which encourages industrial and business development in underutilized areas of Atlanta through the planning and development of industrial parks, employs no construction personnel and does not perform the construction aspect of industrial park development. Consequently, appellee hired a separate construction company to construct the building pad and a separate engineering firm to design the building pad, manage and inspect the work of the construction company, and act as a liaison with a soils testing firm to perform the requisite soil density tests. The engineering firm subsequently subcontracted with a soils testing firm to test and inspect structural fill placement. Appellee approved the subcontract after the date that appellee had

issued its "Notice to Proceed" to the construction company. Thus, grading work began on the site prior to the commencement of soils testing. During the course of construction, the engineering firm, which was supervising the site work, kept appellee apprised of the progress of the work. The building pad was completed and inspected by appellant; the sale closed and appellant began construction of its warehouse. During such construction, appellant became aware that the walls were cracking and a portion of the floor slab appeared to be sinking, which according to a report submitted by the soils testing firm, was caused by "consolidation of uncompacted fill soil at the lower elevations." Appellant filed suit against appellee and all contractors working on the project for the costs of repair. Summary judgment in favor of appellee was granted as to appellant's claims against appellee.

1. Appellant first contends that the grant of summary judgment by the trial court on its three tort claims constituted error.

A. Appellant's initial tort claim, that appellee is liable pursuant to a statutory exception to the general rule that an employer is not responsible for the torts of its independent contractors, is without merit. OCGA § 51-2-5 (5) does not apply because there is no evidence to show that appellee "actually exercised control over the manner and means of doing the details of the work. . . ." (Emphasis deleted.) *Bentley v. Jones*, 48 Ga. App. 587, 592 (173 SE 737) (1934). It is undisputed that appellee was not involved in the daily progress of the construction. Appellant contends that appellee's right to approve the soils testing firm and to direct the contractor when to begin construction constituted such control as to render appellee liable. However, "[i]t is not enough that [the employer] has merely a general right to order the work stopped or resumed, to inspect its progress or to receive reports, to make suggestions or recommendations which need not necessarily be followed, or to prescribe alterations and deviations. Such a general right . . . does not mean that the contractor is controlled as to his methods of work. . . . There must be such a retention of a right of supervision that the contractor is not entirely free to do the work in his own way. [Cits.]" *Slater v. Canal Wood Corp.*, 178 Ga. App. 877, 880 (345 SE2d 71) (1986). The undisputed relationship between appellee and its independent contractors was such that, as a matter of law, OCGA § 51-2-5 (5) is inapplicable.

We also determine that appellee is not responsible under OCGA § 51-2-5 (3), which creates an exception to the general rule of non-responsibility "[i]f the wrongful act is the violation of a duty imposed by express contract upon the employer." This provision has been interpreted as requiring an express obligation by the employer to be responsible for the independent contractor's conduct. *Fields v. B & B Pipeline Co.*, 147 Ga. App. 875 (250 SE2d 582) (1978). See *Faubion v.*

*Piedmont &c. Corp.*, 178 Ga. App. 256 (342 SE2d 718) (1986) (although decided in contract, previous tort cases were used as precedent for the interpretation of the code section). Appellee in no way assumed or held itself out to assume responsibility for the conduct of its contractors, and therefore there is no question of fact on this issue. Appellant's argument that the inclusion of the specifications in the contractual description of the building pad created responsibility under this section, falls flat. The purpose of the specifications was to assure that appellant received the building pad it desired. "The agreement does not constitute substantial evidence of an intent . . . to guarantee an independent contractor's strict day-to-day compliance with detailed construction procedures." *Uniroyal, Inc. v. Hood*, 588 F2d 454, 464 (5th Cir. 1979). The cases of *Hudgins v. Bacon*, 171 Ga. App. 856 (321 SE2d 359) (1984) and *Brewer v. Williams*, 167 Ga. App. 151 (305 SE2d 891) (1983) cited by appellant are clearly distinguishable in that the builder/sellers therein (and also the investor in *Hudgins*) held themselves out as having the ability and expertise to build the home. Appellee was never obligated as a builder, nor did it hold itself out as such.

Finally, appellee did not "ratif[y] the unauthorized wrong of the independent contractor" pursuant to OCGA § 51-2-5 (6). There is no evidence to show that appellee, who performs no construction work and has no construction expertise, knew or should have known that uncompacted fill soil was being placed on the site. Merely giving the Notice to Proceed to the contractor, even if appellee was aware that a soils testing firm had not yet been retained, would not necessarily lead to such conclusion by one in the position of appellee. *Wilmock, Inc. v. French*, 185 Ga. App. 259 (363 SE2d 789) (1987).

B. The second tort claim is predicated on the breach by appellee of an implied duty to furnish the building pad in a skillful and workmanlike manner. As we discussed in Division 1, A., above, appellee cannot be held responsible for the torts of its independent contractors, so any asserted liability on this claim based upon the contractors' conduct is unfounded. Further, as to appellee's own actions, we find that there is no implied duty of appellee as claimed by appellant. The contract with appellee was not a construction contract, nor did appellee undertake any construction duties or skilled services with respect to the building pad. Appellee relied on its skilled contractors for such services. As such, the duty implied in every construction contract or in contracts for work or services does not exist in a situation such as the instant case. See *Howell v. Ayers*, 129 Ga. App. 899 (202 SE2d 189) (1973). The contract between appellant and appellee was not of that class of contract "that create[s] a relation from which the law implies duties a breach of which will constitute a tort. . . . [Cits.]" *Bulmer v. Southern Bell Tel. &c. Co.*, 170 Ga. App. 659, 660

(317 SE2d 893) (1984).

C. Appellant's assertion that appellee is liable under the "passive concealment" doctrine has no merit. The cases creating and interpreting this doctrine have been clear to limit it to controversies between residential homeowners and residential builder/sellers as an exception to the doctrine of caveat emptor. *Worthey v. Holmes*, 159 Ga. App. 262 (282 SE2d 919) (1981), aff'd 249 Ga. 104 (287 SE2d 9) (1982). Thus, "passive concealment" has no applicability to the case at bar.

2. In its second enumeration of error, appellant contends that the trial court erred in granting summary judgment on the three contract claims presented.

A. As to appellant's claim that appellee breached Paragraph 5.2 (b) of the Sales Contract, in which appellee agreed to furnish the building pad, we agree with the trial court that such provision merged into the deed at closing and is therefore "considered as eliminated, abandoned or discarded." *Gray v. Lynch Contractors*, 156 Ga. App. 473 (274 SE2d 614) (1980). The application of the doctrine of merger "depends upon the intention of the parties." *Bryant v. Turner*, 150 Ga. App. 65 (256 SE2d 667) (1979). The Sales Contract clearly specifies certain provisions which are to survive closing, none of which include Paragraph 5.2 (b). The numerous amendments to the contract, while addressing many points, do not deviate from the sales contract on the issue of survival. The closing statement, which reiterates the survival provision in the contract and also specifies an additional provision that is to survive, makes no mention of Paragraph 5.2 (b). Finally, the closing statement recites that "[a]ll other provisions of the Sales Contract merge into the deed. . . ." When, as here, the intent that a provision is to merge "affirmatively appears on the face of the relevant instruments themselves," no further proof is required and summary judgment is appropriate. *Ashburn Bank v. Reinhardt*, 183 Ga. App. 292 (2) (358 SE2d 675) (1987).

Appellant cites several cases dealing with the part performance of a sales contract. All of these cases recognize, as we here hold, that the intention of the parties as to merger is the determining factor. Appellant further contends that this court has recognized an exception to the aforesaid rule regarding intent in sales contracts containing provisions to build. We have carefully reviewed the cases cited by appellant, primarily *Holmes v. Worthey*, supra, and *Kuniansky v. Overmyer Warehouse Co.*, 406 F2d 818 (5th Cir. 1968), and determine that, notwithstanding that heretofore the application of this exception has been limited to contracts between residential homeowners and residential builder/sellers, appellee is not, and never held itself out to be, the entity to perform the construction work; appellee is not a builder/seller. The *Kuniansky* case, which was decided in a commercial context, is inapposite because the seller therein was in fact a

builder/seller and further because the case relied on by the Fifth Circuit is a pre-*Holmes* case which reiterates the rule that intent governs the issue of merger. *Holmes* and later cases have clarified the limitations to the builder exception as stated herein. Since we have affirmed the trial court's ruling on the issue of merger, we likewise do not reach the argument that Paragraph 5.2 (b) is a covenant and not a condition precedent.

B. Appellant's second contract claim is based upon a breach of an implied obligation of appellee to furnish a building pad built in a skillful and workmanlike manner. As we decided in Division 2, A., the contract provision giving rise to the asserted implied obligation merged into the deed at closing, and consequently any contractual claim appellant may have had did not survive the closing. Notwithstanding the merger, "absent an express contractual duty [appellee] can not be held liable for damage caused by the collateral torts of independent contractors." *Faubion v. Piedmont Engineering &c. Corp.*, supra at 259. Likewise, as we discussed in Division 1 above, the contract creates no implied contractual duty of appellee as contended by appellant.

C. The trial court was also correct in granting summary judgment on appellant's claim that Paragraph 3.1 (c) of the contract was breached. Appellee's covenant therein that "[t]here are no facts known to Seller . . . which would have a material adverse effect on the Premises, the Contemplated Improvements or the Use . . . ," relates to the time at which the contract was signed. The contract does not provide for any renewal of the covenant at the time of closing. It is undisputed that the covenant was accurate at the time the contract was signed.

*Judgment affirmed. Birdsong, J., concurs. Deen, P. J., concurs dubitante.*

DECIDED MARCH 15, 1990 —
REHEARING DENIED MARCH 28, 1990 — ▮▮▮▮▮▮▮

*Hicks, Maloof & Campbell, Bruce M. Edenfield, Virginia B. Peterson,* for appellant.

*Alston & Bird, Oscar N. Persons, Robert P. Riordan, Lokey & Bowden, Wayne C. Wilson, Terrence Lee Croft, F. Carlton King, Jr.,* for appellee.