A93A0074. CRISPENS ENTERPRISE, INC. v. HALSTEAD et al.
(433 SE2d 353)

SMITH, Judge.

Pursuant to a written agreement, the Halsteads hired Crispens Enterprise, Inc. (CEI), to erect a garage on their residential property. CEI then subcontracted the pouring of a 15-foot-high concrete retaining wall to third-party defendant Con-Wall Construction Company (CCC). The following chronology appears without dispute: CCC poured the wall on October 27, 1989; the forms were removed on October 30, 1989; and on November 2, 1989, CEI ordered that the space against the retaining wall be backfilled with dirt. The concrete wall cracked, and when CEI was unable to repair the damage to the Halsteads' satisfaction, they filed this action alleging breach of contract as well as other theories of liability. CEI answered, denying the material allegations of the complaint and, in a third-party claim against CCC, alleging that CCC had negligently poured the retaining wall. After discovery, cross-motions for summary judgment were argued by CEI and the Halsteads. CEI appeals from the order of the trial court granting partial summary judgment in favor of the Halsteads as to CEI's contractual liability for the negligent construction of the retaining wall.

1. Pursuant to the written agreement between the Halsteads and CEI, CEI undertook the contractual obligation to "erect a 30′ by 40′ garage — to include . . . [r]etaining wall as indicated by [CCC]." Appellant argues that this provision makes CCC solely responsible to appellees for any flaw in the walls. We disagree.

CCC was never a party to this written agreement with the Halsteads, nor a party to any separate oral agreement with them. "The cardinal rule of [contract] construction is to ascertain the intention of the parties. If that intention is clear and it contravenes no rule of law and sufficient words are used to arrive at the intention, it shall be enforced irrespective of all technical or arbitrary rules of construction." OCGA § 13-2-3. Under the express contract drafted by CEI,

the *scope* of the work to be performed by CEI for the Halsteads included the construction of the retaining wall, with the understanding and permission of the owners that *performance* of that limited aspect would be delegated to CCC. This understanding would "not have the effect of changing the relationship of the parties [to the writing, nor would it] result in a direct contract between the [appellees as owners and CCC as the intended subcontractor]." *McGinnis v. Milhollin*, 64 Ga. App. 462, 463 (13 SE2d 591) (1941). The trial court correctly determined that CEI as the general contractor, not CCC as the subcontractor, was responsible to the Halsteads for the proper erection of a garage pursuant to the written agreement.

2. CEI nevertheless urges that it cannot be liable to the Halsteads for the negligence of CCC, because CCC is an independent contractor. This contention is without merit.

CEI correctly notes that, pursuant to OCGA § 51-2-4, "[a]n employer generally is not responsible for torts committed by his employee when the employee exercises an independent business and in it is not subject to the immediate direction and control of the employer." However, even assuming that CCC is an independent contractor within the meaning of this Code section, CEI would not necessarily be relieved of all liability to the Halsteads, with whom CEI has privity of contract and to whom it owes certain contractual obligations. "To the general rule [of the employer's nonliability for the torts of independent contractors codified in OCGA § 51-2-4,] there are several exceptions." *Atlanta & Fla. R. Co. v. Kimberly*, 87 Ga. 161, 165 (13 SE 277) (1891) (applying former Civil Code § 2962 (1882)). One of those exceptions, codified in OCGA § 51-2-5 (3), "is where the wrongful act is the violation of a duty imposed by express contract upon the employer; for where a person contracts to do a certain thing, he cannot evade liability by employing another to do that which he has agreed to perform." *Atlanta & Fla. R. Co. v. Kimberly*, supra at 166 (3). "The contract to build, with its attendant obligations, is between the buyer and builder, not the buyer and any independent contractor." *Hudgins v. Bacon*, 171 Ga. App. 856, 862 (5) (321 SE2d 359) (1984). *Toys 'R' Us v. Atlanta Economic Dev. Corp.*, 195 Ga. App. 195 (393 SE2d 44) (1990) relied upon by CEI is clearly distinguishable. There, unlike appellant in this case, the non-profit development corporation "was never obligated as a builder, nor did it hold itself out as such." Id. at 197 (1A).

Even though CEI never poured a yard of concrete, it had made an express contractual undertaking with the Halsteads. That being so, the trial court correctly found that the exception to the general rule of an employer's nonliability for the negligence of independent contractors applied.

3. In support of its own motion for summary judgment, CEI sub-

mitted the sworn affidavit of its vice president, Ron Crispens, who stated that a cracked retaining wall is unsafe and unsuitable as a foundation for the garage. Although this affidavit of CEI's agent is couched in conclusory terms to the effect that CCC was negligent, Crispens clearly admits the *fact* that the wall, indisputably cracked, is not in compliance with the requirements of the contract in that it is unsuitable for its intended purpose of supporting a garage. This testimony was sufficient to bind CEI, Crispens' principal. See OCGA § 24-3-33; *Long Tobacco Harvesting Co. v. Brannen*, 99 Ga. App. 541, 544-546 (2, 3) (109 SE2d 90) (1959).

There is then, no genuine issue of material fact as to *whether* the contract was breached. We have already determined in Division 2, supra, that CEI is liable to appellees for a breach of contract, *even if*, as CEI alleges, the *cause in fact* of that breach is the negligence of the subcontractor, CCC. See *Grossberg v. Judson Gilmore Assoc.*, 196 Ga. App. 107, 109 (2) (395 SE2d 592) (1990) (movant entitled to summary judgment on basis of respondent's own testimony). The partial grant of summary judgment as to CEI's contractual liability to the Halsteads was correct.

*Judgment affirmed. Johnson and Blackburn, JJ., concur.*

DECIDED JUNE 23, 1993.

*Thompson, Fox, Chandler, Homans & Hicks, Joseph Homans*, for appellant.

*Boling, Rice, Bettis, Bottoms & Bagley, Jeffrey S. Bagley, Dean, Smith & Therrell, Connie H. Therrell*, for appellees.