A95A1398, A95A1399. PYA/MONARCH, INC. et al. v. HIGLEY et al. (two cases).
(464 SE2d 630)

ANDREWS, Judge.

In this interlocutory appeal, defendants PYA/Monarch, Inc. ("Monarch"), a food shipping business, and H. E. Hennigh, Inc. ("Hennigh"), an independent construction contractor, challenge the denial of their separate motions for summary judgment.

The underlying cause of action arose after a large, galvanized fence post being installed on Monarch's property fell on plaintiff Edward Higley's head while he was making a delivery to Monarch. It is undisputed that Monarch contracted with defendant Hennigh to make certain improvements to its property. The contract stated that Hennigh shall be "solely responsible for and have control over construction means, methods, techniques, sequences and procedures"

and "take reasonable precautions for safety of, and . . . provide reasonable protection to prevent damage, injury or loss to: . . . employees on the Work [sic] and other persons who may be affected thereby." Hennigh hired defendant Martin Robbins Fencing Company ("Martin") to install the fence at issue. Martin then hired defendant Lee Goza to install some of the fencing. Goza dropped the fence post while he was installing fencing in the customer pickup area of Monarch's truck terminal near the parking area, which was still in use during the construction.

In their complaint, Higley and his spouse (hereinafter referred to collectively as Higley) alleged that Monarch and Hennigh were liable for the negligence of the independent contractor. Alternatively, he alleged that Monarch and Hennigh negligently supervised the fencing work. Higley further claimed that Monarch and Hennigh were negligent per se for failing to exercise ordinary care to keep the premises safe.

Monarch moved for summary judgment, arguing that it was not liable for the torts of an independent contractor because it had delegated full possession and control of the area to Hennigh, the independent contractor. Hennigh's motion for summary judgment asserted that it was not responsible for the collateral torts of Martin, an independent contractor. The trial court summarily denied both motions.

1. Monarch renews its argument on appeal, contending that the trial court erred in denying its motion for summary judgment because it surrendered its control of the premises to Hennigh.

To prevail on summary judgment, the moving party must show that no genuine issues of material fact remain to be tried and that the undisputed facts, viewed in the light most favorable to the non-movant, warrant summary judgment as a matter of law. *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991). Defendants who will not bear the burden of proof at trial may prevail on summary judgment by pointing out by reference to the record that there is no evidence sufficient to create a genuine jury issue on at least one essential element of plaintiff's case. Id.

Landowners who surrender a portion of their premises to independent contractors are relieved of their duties with regard to that portion of the premises they no longer control. *Little v. Liberty Savings Bank*, 191 Ga. App. 732 (382 SE2d 734) (1989); OCGA § 51-2-4. However, even assuming, arguendo, that Monarch retained control of the portion of the premises where Higley was injured, summary judgment was appropriate.

To recover, Higley had to present evidence that: (1) Monarch had actual or constructive knowledge of the hazard, and (2) he lacked knowledge of, or Monarch prevented him from discovering, the hazard. *Smith v. Wal-Mart Stores*, 199 Ga. App. 808, 809 (406 SE2d 234)

(1991). Evidence that Higley could have acquired knowledge of the hazard by exercising ordinary care for his own safety would bar his recovery. *Shansab v. Homart Dev. Co.*, 205 Ga. App. 448, 450 (422 SE2d 305) (1992); *Barentine v. Kroger Co.*, 264 Ga. 224, 225 (443 SE2d 485) (1994).

The basis for Monarch's liability is its superior knowledge of the hazard. *Shansab*, 205 Ga. App. at 450. Consequently, evidence that Higley knew of the condition and thus had equal knowledge of the hazard precludes Monarch's liability and demands summary judgment. *Froman v. George L. Smith &c. Auth.*, 197 Ga. App. 338, 339 (398 SE2d 413) (1990). The fence construction was a patently open and obvious condition which could have been discovered through the exercise of ordinary care. *Sullivan v. Quisc, Inc.*, 207 Ga. App. 114, 115 (427 SE2d 86) (1993). Under traditional precepts of premises liability, Higley had equal knowledge of the construction. *Shansab*, 205 Ga. App. at 451. By proceeding armed with this knowledge, Higley assumed the risks and dangers incident to the known condition. *Rose v. Kennesaw House*, 203 Ga. App. 648, 649 (417 SE2d 379) (1992). Therefore, summary judgment was improperly denied as to Monarch.

2. Hennigh argues that it was entitled to summary judgment because Martin was an independent contractor.

Generally, employers are not responsible for torts committed by independent contractors. OCGA § 51-2-4. Workers who operate independent businesses and are not subject to the immediate direction and control of those who hired them are independent contractors. Id.; *Peachtree-Cain Co. v. McBee*, 254 Ga. 91 (1) (327 SE2d 188) (1985). However, such employers face liability for negligence from independent contractors' wrongful acts when the acts violate "a duty imposed by express contract upon the employer." OCGA § 51-2-5 (3). Hennigh maintains that this language does not apply to the duties imposed by its contract with Monarch. We agree.

In interpreting subsection (3), we have held that "unless the parties stand in the relation of master and servant, the employer is not responsible for the damages occasioned by the negligent mode in which work is done." (Citations and punctuation omitted.) *Fields v. B & B Pipeline Co.*, 147 Ga. App. 875, 876 (250 SE2d 582) (1978). This finding appears to derive from a privity requirement — the contractual duties under which the employer would be liable for the acts of the independent contractor cannot be enforced by one not a party to the contract. Id.; see *Crispens Enterprise v. Halstead*, 209 Ga. App. 133, 134 (2) (433 SE2d 353) (1993) (" '[W]here a person contracts to do a certain thing, he cannot evade liability by employing another to do that which he has agreed to perform.' [Cit.]"). Because Higley was not a party to the contract under which he seeks to hold Hennigh liable, subsection (3) does not apply. Furthermore, the ab-

sence of evidence that Hennigh expressly assumed the responsibility for its independent contractor's conduct also supports summary judgment. *Toys 'R' Us v. Atlanta Economic Dev. Corp.*, 195 Ga. App. 195, 197 (393 SE2d 44) (1990).[1] Because no genuine issues of material fact remained to be tried on the claims against Monarch and Hennigh, the trial court erred in denying their motions for summary judgment.

*Judgments reversed. Blackburn, J., concurs specially. McMurray, P. J., concurs in the judgment only.*

BLACKBURN, Judge, concurring specially.

Although I believe issues of fact remain regarding whether Monarch had surrendered complete control of the premises to Hennigh, I specially concur in the judgment reached by the majority as the only evidence in the record indicates that the plaintiff was not exercising ordinary care for his own safety. I also cannot agree with the majority's conclusions in Division 2, but again because the plaintiff's lack of care for his own safety precludes his recovery, I specially concur in the majority's judgment.

Lee Madison Goza deposed that as he let one end of a fence post fall to the ground (the other end of the post was already on the ground), the plaintiff "all of a sudden . . . came out beside me and I guess he was going so fast that he couldn't stop. . . . Instead of just trying [to] catch the post or something, he tried to get under the post. He hunkered down like this . . . , and got under the post and then it hit him on top of the head." My review of the record revealed no evidence contradicting this testimony. Under these circumstances, the defendants' motions for summary judgment should have been granted.

DECIDED NOVEMBER 29, 1995.

*Drew, Eckl & Farnham, Arthur H. Glaser, Douglas T. Lay*, for appellants.

*Tobin & Hoffspiegel, Lloyd W. Hoffspiegel, McLaughlin, MacDougald, Hendon & Miller, Daniel MacDougald III, Mozley, Finlayson & Loggins, William D. Harrison*, for appellees.

---

[1] We reject Higley's argument that Hennigh is liable for the independent contractor's negligence as the contractually delegated owner and occupier of the property on the grounds stated in Division 1.