A07A2005. FRENCH et al. v. SINCLAIR-OCONEE HOMES OF MILLEDGEVILLE, LLC.

(658 SE2d 226)

PHIPPS, Judge.

Ricki and Teresa French (the Frenches) appeal from the trial court's grant of summary judgment to Sinclair-Oconee Homes of Milledgeville, LLC (Sinclair-Oconee) in the Frenches' suit for negligence and breach of contract arising from their purchase of a mobile home. The Frenches argue that Sinclair-Oconee is responsible for the faulty grading of the site and installation of the home, which was actually performed by two independent contractors. Because we find that Sinclair-Oconee itself expressly agreed to grade the site and set up the mobile home, we reverse.

On appeal from a grant of a motion for summary judgment, we review the evidence de novo, viewing it in the light most favorable to the nonmovant, to determine whether a genuine issue of fact remains and whether the moving party is entitled to judgment as a matter of law.[1]

The relevant facts are undisputed. In May 2001, the Frenches entered into a written contract with Sinclair-Oconee to purchase a mobile home. According to the contract, Sinclair-Oconee agreed that the home would be "delivered, set up, and tied down w[ith] vinyl skirting" for a purchase price of over $69,000, including land purchase, closing costs, points, and insurance. The contract also specified that Sinclair-Oconee would pour concrete footers, provide clearing and grading, install electrical service and a septic system, and attach a covered front porch for an additional $9,266. Sinclair-Oconee itself did not have the capacity to perform grading or set-up services, however. Instead, it engaged two independent contractors, Milledge Gordon and Jim Pickett Grading, to perform these services.

The Frenches later brought suit alleging that as a result of improper grading and installation, Sinclair-Oconee breached its contract and was negligent. Sinclair-Oconee moved for summary judgment, which the trial court granted on the ground that nothing in the contract made Sinclair-Oconee liable for the torts of its independent contractors.

---

[1] *Rubin v. Cello Corp.*, 235 Ga. App. 250 (510 SE2d 541) (1998).

OCGA § 51-2-4 provides that "[a]n employer generally is not responsible for torts committed by his employee when the employee exercises an independent business and in it is not subject to the immediate direction and control of the employer." OCGA § 51-2-5 lays out the exceptions to this general rule, including that "[a]n employer is liable for the negligence of a contractor" when "the wrongful act is the violation of a duty imposed by express contract upon the employer."[2]

It is true that the contract at issue here does not impose a duty on Sinclair-Oconee concerning independent contractors. But it is undisputed that Sinclair-Oconee undertook in the written purchase contract to grade the property and install the mobile home. Sinclair-Oconee cannot escape the consequences of breaching this express obligation to the Frenches simply by hiring an independent contractor. The contract to grade and install, "with its attendant obligations," was between the Frenches and Sinclair-Oconee, not between the Frenches and one or more independent contractors.[3]

Sinclair-Oconee's reliance on *Luther v. Wayne Frier Home Center of Tifton*[4] is misplaced. When the *Luther* plaintiffs agreed to the purchase and set-up of a mobile home, the mobile home sellers explained that the plaintiffs' trade-in mobile home would be disassembled by an independent contractor. When the trade-in home was destroyed during removal, the homebuyers sued the seller for negligence and breach of contract.[5] We affirmed the trial court's grant of summary judgment to the seller on the plaintiffs' negligence claim because the seller had not directed the time, place, or manner under which the subcontractor had performed its removal of the trade-in home.[6] We also affirmed the grant of summary judgment on the contract claim because the contract neither referred to the contents of the trade-in home nor restricted the seller's right to subcontract.[7]

The critical distinction between the *Luther* contract and the one at issue here is that the *Luther* contract did not refer to the act which, when negligently performed, damaged the plaintiffs' property.[8] Because an employer cannot be held responsible for the negligence of its subcontractor in the absence of a "duty imposed by express contract upon the employer," and because the *Luther* seller did not expressly undertake to remove the trade-in home, we concluded that the seller

---

[2] OCGA § 51-2-5 (3).

[3] *Hudgins v. Bacon*, 171 Ga. App. 856, 862 (5) (321 SE2d 359) (1984).

[4] 264 Ga. App. 827 (592 SE2d 470) (2003).

[5] Id.

[6] Id. at 828 (1), citing OCGA § 51-2-4.

[7] Id. at 829 (2).

[8] Id. at 827.

could not be liable for the torts of its independent contractor concerning that removal.[9] Here, however, Sinclair-Oconee itself undertook in writing to grade the property and to install the mobile home — the activities which form the gravamen of the Frenches' complaint.[10] Nor was it unreasonable for the Frenches to assume that Sinclair-Oconee, which was in the business of selling manufactured homes, could actually perform what it promised in the contract — that is, to grade the site and to install the home.[11] The trial court therefore erred when it granted summary judgment to Sinclair-Oconee.[12]

*Judgment reversed. Johnson, P. J., and Mikell, J., concur.*

DECIDED FEBRUARY 21, 2008.

*Joseph H. Briley*, for appellants.
*Lee R. Moss*, for appellee.

---

[9] Id. at 829 (2).

[10] See *Nulite Indus. Co. v. Horne*, 252 Ga. App. 378, 379-380 (2) (556 SE2d 255) (2001) (where seller itself undertakes in writing to install siding and windows, it "may not escape liability by arguing that it employed an independent contractor to perform its obligations").

[11] Compare *Toys 'R' Us v. Atlanta Economic Dev. Corp.*, 195 Ga. App. 195, 196-197 (1) (A) (393 SE2d 44) (1990) (affirming grant of summary judgment to defendant nonprofit corporation who promised purchaser to install a building pad because the nonprofit corporation was not in the business of constructing such pads and did not hold itself out as such).

[12] *Nulite*, supra; *Hudgins*, supra (affirming grant of partial summary judgment as to plaintiffs concerning employer's liability for subcontractor's failure to build garage properly).