A89A1962. FAVOUR v. FOOD LION, INC. et al.
(389 SE2d 22)

BEASLEY, Judge.

Plaintiff appeals the grant of summary judgment to defendants, the owner of the premises on which she slipped and fell and the operator of the owner's immediately adjacent grocery store. The question is whether the undisputed evidence shows as a matter of law that the defendants did not breach the duty imposed by OCGA § 51-3-1. It requires them to "exercise ordinary care in keeping the premises and approaches safe."

Plaintiff fell on ice as she was getting into the family van which her husband had pulled up to the front of the store. He had parked it so that the area which had been cleared of ice by the store employee was outside the van's double doors whereas there was ice outside the

passenger door. This occurred after plaintiff went into the store and bought groceries, when there was snow and ice on the roads after a storm the day before, most stores were closed, and the schools in plaintiff's county were closed. Plaintiff was aware of the ice in the parking lot and the shoveled area. She had traversed the ice and snow when going from the van into the the store. She appreciated its dangerousness, having lived in the North. She was familiar with the store and its access areas, as she had been there before. Just before she fell her husband told her to be careful because it was icy.

As a matter of undisputed fact, defendants did not have superior knowledge of this admittedly visible condition created by the elements or of its patent dangerousness. *Sears, Roebuck & Co. v. Reid*, 132 Ga. App. 136 (207 SE2d 532) (1974). As a matter of undisputed fact, plaintiff chose to get into the van from the icy sidewalk rather than from the cleared path. She had seen the ice on that area. She was aware of the specific condition and of its dangerousness. She cannot recover. *Chisholm v. Fulton Supply Co.*, 184 Ga. App. 378 (1) (361 SE2d 540) (1987). See *Rogers v. Atlanta Enterprises*, 89 Ga. App. 903, 906 (81 SE2d 721) (1954); *Harris v. Star Svc. &c. Co.*, 170 Ga. App. 816 (318 SE2d 239) (1984); *Alterman Foods v. Munford*, 178 Ga. App. 214 (342 SE2d 480) (1986). Compare *Little v. Liberty Savings Bank*, 191 Ga. App. 732 (382 SE2d 734) (1989). There was no duty to warn her of a condition of which she had knowledge at least equal to that of defendants. *Garnett v. Mathison*, 179 Ga. App. 242 (2) (345 SE2d 919) (1986); *Alterman Foods v. Ligon*, 246 Ga. 620, 622-3 (272 SE2d 327) (1980). See also *Roberts v. Gardens Svcs.*, 182 Ga. App. 573 (356 SE2d 669) (1987) [physical precedent].

Appellants rely heavily on *Todd v. F. W. Woolworth Co.*, 258 Ga. 194 (366 SE2d 674) (1988), but in that case there was a dispute of fact about whether the proprietor had superior knowledge of the presence of ice and its slipperiness. There was evidence that the patron was unaware of any ice, it was glazed ice, the store manager had slipped on it himself, others had slipped on it, and the patron was exiting into an area on the opposite side of the store from the one she used to enter.

This is a "plain, palpable, and indisputable" case not calling for resolution by a jury. See *Laseter v. Clark*, 54 Ga. App. 669, 670 (1) (189 SE 265) (1936); *North DeKalb Little League v. Holland*, 119 Ga. App. 439, 440 (168 SE2d 169) (1969); *Bowman v. Richardson*, 176 Ga. App. 864 (338 SE2d 297) (1985).

*Judgment affirmed. Carley, C. J., concurs. McMurray, P. J., concurs in the judgment only.*

752

*Stephen E. Curry*, for appellant.

*Timothy S. Mirshak, Glover & Blount, Percy J. Blount*, for appellees.