## A91A0305. SMITH v. WAL-MART STORES, INC.
(406 SE2d 234)

ANDREWS, Judge.

This is an appeal from the grant of summary judgment to defendant Wal-Mart Stores in this slip and fall case. Viewed in favor of Smith, the opponent of the summary judgment motion, OCGA § 9-11-56; *Eiberger v. West*, 247 Ga. 767, 769 (1) (281 SE2d 148) (1981); the evidence was that she was injured when she slipped in a puddle of clear liquid in the middle of an aisle in the patio furniture section at Wal-Mart. Smith did not see the substance on the floor before she fell, although her shopping companion did. Smith claimed that Wal-Mart was negligent in failing to properly inspect and maintain the premises.

In support of its motion for summary judgment, Wal-Mart filed three affidavits in which the testifying employees swore that they were unaware of the substance on the floor. In the store manager's affidavit, he stated that on the date of Smith's fall, Wal-Mart employees swept the floor at 11:30 a.m., 3:00 p.m., 6:30 p.m. and at the close of the business day. He stated that it was Wal-Mart's policy that any employee observing a spill on the floor was to secure the area and call for someone with a broom or mop to clean up the spill. He further swore that there were no reports of any spills on the date of Mrs.

Smith's fall.

In order to recover in a slip and fall case of this nature, the plaintiff must show (1) that the defendant had actual or constructive knowledge of the foreign substance and (2) that the plaintiff was without knowledge of the substance or for some reason attributable to the defendant was prevented from discovering the foreign substance. *Alterman Foods v. Ligon*, 246 Ga. 620, 623 (272 SE2d 327) (1980). Here, the inquiry under the first prong is limited to whether Wal-Mart had constructive knowledge of the liquid, since there was no evidence that Wal-Mart had actual knowledge of such substance. Cf. *Padgett v. M & M Super Market*, 195 Ga. App. 799 (395 SE2d 245) (1990).

Constructive knowledge by an owner or occupier of the foreign substance can be established in one of two ways. First, "[c]onstructive knowledge may be inferred where there is evidence that an employee of the owner was in the immediate vicinity of the dangerous condition and could easily have noticed and removed the hazard." *Food Giant v. Cooke*, 186 Ga. App. 253, 254 (366 SE2d 781) (1988); see also *Sain v. K-Mart Corp.*, 190 Ga. App. 751, 752 (380 SE2d 299) (1989). The evidence was uncontroverted that there were no store employees in the immediate vicinity of the incident; therefore there was no constructive knowledge under the first-prong test.

The second basis for liability based on constructive knowledge is that the owner failed to exercise reasonable care in inspecting the premises. "To sustain a cause of action in the latter type case the plaintiff must show that the foreign substance was on the floor for a length of time sufficient for knowledge of it to be imputed to the defendant. [Cit.]" *Alterman Foods*, supra at 623; see also *Food Giant*, supra; *Mitchell v. Rainey*, 187 Ga. App. 510 (370 SE2d 673) (1988); *Fulton-DeKalb County Hosp. Auth. v. Estes*, 187 Ga. App. 120 (369 SE2d 262) (1988). This part of the test focuses on whether the foreign substance was on the premises long enough that the owner should have known of it.

According to Smith's companion, the fall occurred between 1:30 and 2:00 p.m. Construing the evidence most favorably for the non-movant, the liquid could have been on the floor for as long as two and one half hours after the 11:30 a.m. cleaning. In fact, Smith and her friend claimed that upon inspection of the puddle after the fall, they noticed that the puddle seemed to have dried around the edges. Because we cannot exclude the possibility that the substance was on the floor for an unreasonably lengthy period, we conclude that a jury issue existed as to Wal-Mart's constructive knowledge under the first prong of the *Alterman* two-prong test.

Because a factual issue exists with respect to whether Wal-Mart should have been aware of the liquid on the floor, we proceed to the

810

second prong of the *Alterman Foods*, supra, test, to determine whether Smith was unaware of the spilled liquid or for some reason attributable to the defendant was prevented from discovering the foreign substance on her own. This part of the test demands that a person exercise ordinary care for her own safety.

" 'In order to recover for a slip and fall resulting from a "foreign substance" such as water on a ramp, "not only must the plaintiff show that the defendant had knowledge of the presence of the foreign substance, but the plaintiff must also show that he was without knowledge of its presence. (Cit.) 'The customer must exercise ordinary care for his own safety, and must by the same degree of care avoid the effect of the merchant's negligence after it becomes apparent to him or in the exercise of ordinary care he should have learned of it. He must make use of all his senses in a reasonable measure amounting to ordinary care in discovering and avoiding those things that might cause hurt to him.' (Cits.)" [Cits.] " *Bowman v. Richardson*, 176 Ga. App. 864, 865 (338 SE2d 297) (1985).

Here, Smith's companion saw the liquid puddle and there was no evidence that Wal-Mart was responsible in any way for Smith's failure to see it. In fact, Smith testified at her deposition . . . that had she been looking down there was nothing that would have prevented her from seeing the substance before she fell. "There was no duty to warn her of a condition of which she had knowledge at least equal to that of defendants. [Cits.]" *Favour v. Food Lion*, 193 Ga. App. 750, 751 (389 SE2d 22) (1989). "This is a 'plain, palpable, and indisputable' case not calling for resolution by a jury. [Cits.]" *Favour*, supra at 751. The trial court's grant of summary judgment was proper since Smith was not exercising due care for her own safety and therefore, she cannot recover. OCGA § 51-11-7; see also *Allen v. Big Star Food Market*, 172 Ga. App. 879 (324 SE2d 820) (1984).

*Judgment affirmed. Sognier, C. J., and McMurray, P. J., concur.*

DECIDED MAY 10, 1991 —
REHEARING DENIED MAY 29, 1991 —

*William Eckhardt*, for appellant.
*Watson, Spence, Lowe & Chambless, Stephen S. Goss*, for appellee.