A92A1550. HARDIN v. SUPER DISCOUNT MARKET, INC.
(423 SE2d 18)

McMURRAY, Presiding Judge.

Patricia Ann Hardin (plaintiff) brought an action against Super Discount Market, Inc. (defendant), seeking damages for injuries she allegedly sustained when she slipped and fell at defendant's grocery store. Defendant denied the material allegations of the complaint and filed a motion for summary judgment.

Plaintiff testified during a deposition that she slipped and fell in a puddle of milk while shopping near the dairy section of defendant's

grocery store. Plaintiff explained that she was on her way to retrieve orange juice at the time of the fall; that she did not see the spilled milk before the fall and that the milk puddle was in an area of about "2 or 3 feet. . . ." Plaintiff also testified that she observed "buggy marks" and shoe prints in the milk puddle and that this drew her to the conclusion that the spilled milk "had been spread out by different buggies pushing through it." Plaintiff filed an affidavit and further explained that "immediately after [she] fell and looked up [she saw] a store clerk that apparently had been stocking shelves in the bakery section and [that] this Clerk did have a full and complete view of the area where [plaintiff] fell in that there are no obstructions from where [the clerk] was standing that would have blocked [the clerk's] view of the milk spill." Plaintiff also deposed that "[a]t the time of [the] fall [she] was walking between two freezers and looking slightly to [her] left and up to locate the refrigerated section where orange juice was displayed [and that it] was at that moment that [she] fell."

Phillip Smith testified during a deposition that he was employed as a "[l]oss prevention clerk" at defendant's grocery store on the day of plaintiff's fall and that his responsibilities included visually inspecting the store for "anything that anybody could get hurt on. . . ." Smith further testified that he assisted plaintiff after the fall but the deposition transcript reveals that he did not independently recall specific details of the incident. However, Smith recalled that he had been in the area where plaintiff fell· "[m]aybe fifteen, twenty, or so" minutes before the incident and that he did not then observe the milk puddle. Smith also testified that he did not recall asking the clerk in the nearby bakery department if she saw the spill, but he explained that "it's like everyone's responsibility on cleaning up spills, and what to do if they observe or walk up on a spill, how to handle it."

The trial court granted defendant's motion for summary judgment. This appeal followed. *Held*:

"While a proprietor is liable to invitees for his failure to exercise ordinary care in keeping the premises safe, to establish a proprietor's liability for a slip and fall attributable to a foreign substance on the floor, the customer must show that the proprietor knew of the foreign substance or should have known of it had ordinary care been exercised. *Alterman Foods v. Ligon*, 246 Ga. 620, 622 (272 SE2d 327) (1980)." *Smith v. Winn-Dixie Atlanta*, 203 Ga. App. 565 (417 SE2d 202). In the case sub judice, Phillip Smith testified that he examined the area where plaintiff fell about 15 or 20 minutes before the incident and that he did not then observe the spilled milk. See *Mazur v. Food Giant*, 183 Ga. App. 453, 454 (1) (359 SE2d 178). However, this evidence was expanded when plaintiff deposed that another employee was in the area of the spilled milk immediately after the fall.

"When an action is based on constructive knowledge, to avoid summary judgment for the defendant, the plaintiff must establish a question of fact whether the foreign substance remained on the floor for a sufficient length of time for knowledge of it to be imputed to the proprietor, showing that he had an opportunity to discover the defect and correct it. *Smith v. Wal-Mart Stores*, 199 Ga. App. 808 (406 SE2d 234) (1991). This may be done by showing that employees of the proprietor were in the area and easily could have seen the hazard and corrected it, or by showing that the proprietor failed in his duty to exercise ordinary care in inspecting the premises to keep them safe. *Queen v. Kroger Co.*, 191 Ga. App. 249-250 (1) (381 SE2d 413) (1989)." *Smith v. Winn-Dixie Atlanta*, 203 Ga. App. 565, supra. In the case sub judice, evidence showing that an employee of defendant was within sight of the spilled milk stocking shelves immediately after plaintiff's fall, evidence that the spilled milk had been spread in a two to three foot area of a shopping aisle by shopping traffic or other store activity and Phillip Smith's testimony that "it's like [every employee's] responsibility on cleaning up spills, and what to do if they observe or walk up on a spill, how to handle it" gives rise to genuine issues of material fact as to defendant's actual and constructive knowledge of the spilled milk and defendant's degree of care in keeping its shopping premises safe.

*Judgment reversed. Cooper, J., concurs. Sognier, C. J., concurs in the judgment only.*

DECIDED SEPTEMBER 14, 1992 —
RECONSIDERATION DENIED SEPTEMBER 30, 1992 —

*William L. Skinner*, for appellant.
*Drew, Eckl & Farnham, G. Randall Moody*, for appellee.