## A92A1161. JESTER v. INGLES MARKET, INC.
(425 SE2d 323)

JOHNSON, Judge.

Amanda Jester brought this negligence action against Ingles Market, Inc., seeking damages for injuries she allegedly sustained when she slipped and fell on a foreign substance while shopping in its supermarket. The trial court granted summary judgment to Ingles. Jester appeals.

Construing the evidence in the record and inferences therefrom most strongly in favor of Jester, the facts are as follows: Jester went to Ingles Market to shop. As she entered the soap and detergent aisle, she passed a person she described as a white female standing near the front of the aisle. This woman wore no distinctive dress or name tag identifying her as an Ingles employee, nor did she at any time identify herself as an Ingles employee. Jester assumed she was an employee, however, because the activity the woman appeared to be engaged in was assumed by Jester to be straightening stock on shelves. There were no other persons in the aisle. After passing this unidentified woman, Jester continued down the aisle until she reached the area where her brand of detergent was displayed. She picked up a box of detergent, placed it in her cart, and as she started to walk away she slipped and fell on a clear liquid injuring her knee. The clear liquid was later determined to be a cleaner which spilled from a bottle on display for sale. After her fall, the woman Jester had passed at the front of the aisle called out that Jester had fallen, and the store manager and assistant manager immediately came to render aid. After Jester had been helped to her feet, she continued shopping. When Jester completed her shopping and paid for her groceries, the store manager carried them to her car.

The area where Jester fell was not near any cashier or check-out area, and could not be seen by any person who was not actually in the aisle. The store manager had walked past the area where Jester fell approximately ten minutes before her fall, and there was no spill on the floor at that time.

Jester described the spill as quite large, and admits that it would have been visible to her from her standing position had she been looking. She also admits that her view of the area was not obstructed and that her attention was not diverted by any display.

Jester alleges that Ingles negligently allowed this foreign substance to remain on the floor and thereby caused her fall. In her sole

enumeration of error, Jester contends that the trial court erred in granting summary judgment to Ingles. We disagree.

It is well-settled that in order to establish a proprietor's liability for a slip and fall attributable to a foreign substance on the floor, the plaintiff must show that the defendant had actual or constructive knowledge of the foreign substance and that the plaintiff was without knowledge of the substance or, for some reason attributable to the defendant, was prevented from discovering the foreign substance. *Alterman Foods v. Ligon*, 246 Ga. 620, 623 (272 SE2d 327) (1980). It is undisputed that there is no evidence that Ingles had actual knowledge of the presence of any foreign substance on the floor. However, Jester argues that Ingles had constructive knowledge of the hazardous condition.

Constructive knowledge may be established by showing that a foreign substance had been on the premises for such a time that ordinary diligence by the defendant should have effected its discovery; or that an employee of the defendant was in the immediate area of the hazardous condition and could have easily seen the substance. See *Bright v. Food Giant*, 177 Ga. App. 641, 642 (340 SE2d 272) (1986). There is no evidence in this case indicating how long the liquid substance had been on the floor. Consequently, there is no support for Jester's bare assertion that the substance had been on the floor long enough that it should have been noticed and removed. See *Queen v. Kroger Co.*, 191 Ga. App. 249 (1) (381 SE2d 413) (1989). However, there is uncontroverted evidence in the record that Ingles' manager had been in the immediate area of Jester's fall approximately ten minutes prior to the fall and did not encounter any foreign substance on the floor. "Where it appears a foreign [substance] had not been present for more than 10 to 15 minutes, the allegations show no actionable negligence on the part of the proprietor in failing to discover it." (Citations and punctuation omitted.) *Mazur v. Food Giant*, 183 Ga. App. 453, 454 (1) (359 SE2d 178) (1987).

In support of her contention that Ingles had constructive knowledge of the dangerous condition, Jester points to our opinion in *Hardin v. Super Discount Market*, 205 Ga. App. 646 (423 SE2d 18) (1992). Jester argues that the woman she allegedly saw in the detergent aisle appeared to be an employee of Ingles, and therefore constructive knowledge of the condition should be imputed to Ingles. In *Hardin*, supra, evidence was presented indicating that there were employees of the proprietor in the area of the appellant's fall near the time of the fall. We held that this evidence was sufficient to show that genuine issues of material fact remained as to the proprietor's actual and constructive knowledge of the hazard. Unlike the record in *Hardin*, however, there is no evidence in the record before us in this case that the unidentified woman who was present in the detergent aisle at

the time of Jester's fall was an employee of Ingles. Jester's assumptions regarding the status of this unidentified woman are not supported by any evidence. Even if we assume this unidentified woman was an employee, Jester's own testimony shows that the woman was positioned so she could not have a view of the spill. We therefore conclude that Jester has failed to show the existence of a genuine issue of fact as to Ingles' constructive knowledge of any alleged hazardous condition on its premises.

Furthermore, this court has previously ruled that "in order to recover for a slip and fall resulting from a foreign substance . . . not only must the plaintiff show that the defendant had knowledge of the presence of the foreign substance, but the plaintiff must also show that he was without knowledge of its presence." (Citations and punctuation omitted.) *Smith v. Wal-Mart Stores*, 199 Ga. App. 808, 810 (406 SE2d 234) (1991). Jester's testimony that the store was adequately lit, that nothing obstructed her view of the aisle in which she fell, that her attention was not diverted by any product or display, and that although she did not notice the spill prior to her fall, she could have seen the spill even from her standing position is fatal in this case. In *Smith* we held that summary judgment is appropriate if the plaintiff could have seen the hazardous condition had she looked. See *Smith*, supra at 810. We therefore find no error in the trial court's decision granting Ingles' motion for summary judgment.

*Judgment affirmed. Pope, J., concurs. Carley, P. J., concurs in judgment only.*

DECIDED OCTOBER 29, 1992 —
RECONSIDERATION DENIED NOVEMBER 18, 1992

*J. Phillip Hancock*, for appellant.
*Drew, Eckl & Farnham, G. Randall Moody*, for appellee.