## A93A2406. WINN DIXIE STORES, INC. v. CARROLL.
### (441 SE2d 432)

SMITH, Judge.

Patricia Carroll filed a complaint against appellee Winn Dixie alleging that Winn Dixie's negligence caused her personal injuries. The trial court denied Winn Dixie's motion for summary judgment, and granted a certificate of immediate review. We granted Winn Dixie's application for interlocutory appeal, and we now reverse.

In a "slip and fall" case, "not only must the plaintiff show that the defendant had knowledge of the presence of the foreign substance, but *the plaintiff must also show that he was without knowledge of its presence.* The customer must exercise ordinary care for his own safety, and must by the same degree of care avoid the effect of the merchant's negligence after it becomes apparent to him *or in the exercise of ordinary care he should have learned of it.* He must make use of all his senses in a reasonable measure amounting to ordinary care in discovering and avoiding those things that might cause hurt to him." (Citations and punctuation omitted; emphasis supplied.) *Alterman Foods v. Ligon*, 246 Ga. 620, 623 (272 SE2d 327) (1980).

We assume, without deciding, that Winn Dixie had constructive knowledge of the hazard in question. However, if a plaintiff is unable to prove either element of the *Alterman* test, a failure of proof results. *Smith v. Wal-Mart Stores*, 199 Ga. App. 808, 810 (406 SE2d 234) (1991). In this case, the evidence demands a finding that Carroll failed to exercise ordinary care for her own safety. She acknowledged in her deposition testimony that the unidentified foreign substance on the floor was visible "if you stood there and looked at it," that she did not look down at the floor as she traveled the same path three times, and that nothing distracted her or diverted her attention.

Carroll contends in her affidavit that her view of the floor was obstructed by a display rack, and that her attention was diverted by that same rack. However, if on motion for summary judgment a respondent's affidavit and deposition testimony are in unexplained conflict, the contradictory testimony is construed against the respondent. *Prophecy Corp. v. Charles Rossignol, Inc.*, 256 Ga. 27, 28 (1), (2) (343 SE2d 680) (1986). On her deposition, Carroll testified that the display rack did not obstruct her view of the floor and that she was returning to her shopping cart after obtaining her purchase from the display rack and was not distracted by anything at the time of her fall. Moreover, a product on store shelves does not in itself constitute a distraction. *Riggs v. Great Atlantic &c. Tea Co.*, 205 Ga. App. 608, 610 (423 SE2d 8) (1992). Carroll's deposition testimony "is fatal in this case." *Jester v. Ingles Market*, 206 Ga. App. 327, 329 (425 SE2d 323) (1992). There is no remaining disputed issue of material fact, and the trial court erred in denying Winn Dixie's motion for summary judgment.

*Judgment reversed. Beasley, P. J., and Cooper, J., concur.*

DECIDED FEBRUARY 4, 1994 —
RECONSIDERATION DENIED MARCH 1, 1994 —

*Young, Clyatt, Turner, Thagard & Hoffman, Daniel C. Hoffman, Sherry S. Harrell*, for appellant.
*Kunes & Kunes, G. Gerald Kunes*, for appellee.