A94A1873. FREEMAN v. OAK GROVE ANIMAL CLINIC, P.C.
et al.
(448 SE2d 28)

BIRDSONG, Presiding Judge.

Mildred Freeman appeals the grant of summary judgment to defendants Oak Grove Animal Clinic and Melvin Gordon, D.V.M., in this slip and fall case. Freeman contends there are issues of fact as to defendants' superior knowledge of a defect on the premises which caused her injuries, and that she was excused from any contributory negligence in failing to see the defect due to a "distraction," under *Stenhouse v. Winn Dixie Stores*, 147 Ga. App. 473 (249 SE2d 276). *Held*:

The trial court correctly granted summary judgment to the defendants. According to Freeman's own statement of facts, after she parked her car in defendants' parking lot she traversed a narrow path between a car on her left and the sidewalk on her right, and as she traversed this narrow path, she focused her attention on the car be-

cause she feared she might bump into it; as she stepped up toward the sidewalk leading to the clinic's entrance, her foot became entangled in grassy weeds next to the sidewalk curb in the gravel. She did not see the weeds until she fell and she was not expecting to see large clumps of grass in the parking lot.

A proprietor has the duty to keep premises safe for invitees, but the plaintiff must by the exercise of ordinary care avoid the effect of the proprietor's negligence after it becomes apparent to her or in the exercise of ordinary care she should have learned of it. *Alterman Foods v. Ligon*, 246 Ga. 620, 623 (272 SE2d 327). Assuming defendants were negligent in allowing grass to grow in the gravel, Freeman did not exercise ordinary care for her own safety. She failed to watch where she was putting her feet and she put them in weeds.

Further, weeds are a natural element which will persist despite careful attention of a proprietor. It is presumed Freeman is a person of ordinary intelligence to whom the risk of finding weeds on a narrow gravel path would be naturally apparent (see *Bloch v. Herman's Sporting Goods*, 208 Ga. App. 280, 281 (430 SE2d 86)); she could not choose to walk on the gravel while looking away and thereby impose liability on the proprietor for the existence of what normally occurs in nature.

No contrary result is required by *Stenhouse*, where a "distraction" was placed by a defendant in its store. The alleged distraction in this case was self-induced because Freeman chose to walk on the gravel path without looking where she was going; she chose instead to look at a car. Id. at 475. That she perceived the car to pose a peril does not change the analysis. She was not prevented from stopping and looking where she was putting her foot; the weeds were in plain view, which eliminates the distraction theory. *Wal-Mart Stores v. Hester*, 201 Ga. App. 478, 479 (411 SE2d 507).

Moreover, Freeman at first did not testify that she was distracted, and her own evidence is therefore contradictory on this point and is adjudged against her on motion for summary judgment. *Prophecy Corp. v. Charles Rossignol, Inc.*, 256 Ga. 27 (343 SE2d 680); *Gentile v. Miller, Stevenson &c.*, 257 Ga. 583 (361 SE2d 383); *Stone v. Dayton Hudson Corp.*, 193 Ga. App. 752, 755 (388 SE2d 909). We must conclude, as the trial court evidently did, there was no distraction, and that appellant simply failed to look where she was going.

*Judgment affirmed. Blackburn, J., and Senior Appellate Judge Harold R. Banke concur.*

DECIDED AUGUST 2, 1994.

*Munday & Gammage, John S. Husser*, for appellant.
*Freeman & Hawkins, Ollie M. Harton, William H. Major III*, for

appellees.

