A94A1990. PIGGLY WIGGLY SOUTHERN, INC. v. WEATHERS.
(453 SE2d 74)

SMITH, Judge.

William F. Weathers filed a complaint against appellant Piggly

Wiggly Southern, Inc., alleging that appellant's negligence caused his personal injuries. The trial court denied appellant's motion for summary judgment and granted a certificate of immediate review. We granted appellant's application for interlocutory appeal, and this appeal followed.

As Weathers was shopping in appellant's grocery store, he tripped over an empty display rack at the end of an aisle, fell, and was injured. On his deposition, Weathers testified he was familiar with the store and shopped there on a regular basis. He knew there were display racks at the end of each aisle and had passed through four aisles earlier in his visit. Although he testified he could not see the display rack from farther back down the adjoining aisle, Weathers acknowledged that it was visible when he arrived at the corner. He stated if he had been looking down as he turned the corner he would have seen the display rack, but he was not looking where he was going. Instead, he was looking towards the meat counter at the rear of the store.

In this case, the evidence demands a finding that Weathers failed to exercise ordinary care for his own safety. *Barentine v. Kroger Co.*, 264 Ga. 224 (443 SE2d 485) (1994) and *Sears, Roebuck & Co. v. Chandler*, 152 Ga. App. 427 (263 SE2d 171) (1979), cited by Weathers, are distinguishable on their facts. Barentine slipped and fell in a grocery store as he was approaching the checkout area. He testified the nighttime cashier was not at the cash register, and he was distracted from watching his path by having to summon the cashier. 264 Ga. at 225. While *Chandler* is facially similar because it involves the empty "endcap" of a department store display case, there was evidence presented that Chandler's attention was diverted by merchandise hanging from an overhead beam rather than displayed on shelves at eye level. 152 Ga. App. at 427. There was also evidence that the endcap was hidden "partially — if not totally" from view by the design of the adjoining counter, that Chandler was looking where she was going, and that she ran into the endcap as she was watching and trying to avoid the counter. Id. Under these circumstances, this court affirmed the denial of a directed verdict for the defendant store. 152 Ga. App. at 430.[1]

Here, though, Weathers points to no evidence that the display rack was "camouflaged" or intrinsically unsafe in any way. Appellant's manager testified the rack was large and of a contrasting color to that of the flooring. Weathers agreed the rack was of a contrasting color and testified that he "would have had to see" the display rack if

---

[1] We also note that *Chandler* predated the landmark decision of *Alterman Foods v. Ligon*, 246 Ga. 620, 623 (272 SE2d 327) (1980), which substantially redefined the law governing slip-and-fall actions.

he had looked when he came to the end of the aisle. Compare *Stone v. Winn-Dixie Stores*, 212 Ga. App. 291 (442 SE2d 1) (1994) (garden hose placed directly behind plaintiff by store employee while plaintiff was speaking with another employee could constitute hidden obstruction). Moreover, Weathers was not paying attention to where he was going, but was looking at the meat market at the rear of the store.

Weathers did not testify he was distracted by any conduct of a Piggly Wiggly employee. Although he contends he was distracted by the presence of merchandise in the store, a product on store shelves does not in itself constitute a distraction. *Riggs v. Great A & P Tea Co.*, 205 Ga. App. 608, 610 (423 SE2d 8) (1992) (plaintiff tripped over box of canned goods in store aisle). The presence of a meat market, now a feature of almost all large groceries, does not in itself constitute a distraction. Weather's deposition testimony "is fatal in this case." *Jester v. Ingles Market*, 206 Ga. App. 327, 329 (425 SE2d 323) (1992). There is no remaining disputed issue of material fact, and the trial court erred in denying Piggly Wiggly's motion for summary judgment.

*Judgment reversed. Pope, C. J., and McMurray, P. J., concur.*

DECIDED DECEMBER 15, 1994 —
RECONSIDERATION DENIED JANUARY 5, 1995 —

*Dye, Tucker, Everitt, Wheale & Long, A. Rowland Dye, Troy A. Lanier,* for appellant.

*Fleming, Blanchard, Jackson & Durham, Richard A. Ingram, Jr.,* for appellee.