A94A2721. VERMONT AMERICAN CORPORATION et al.
v. DAY.
(456 SE2d 618)

RUFFIN, Judge.
Luke J. Day sued Home Depot USA, Inc. and Clairson International Corporation (collectively referred to as "Home Depot") for in-

juries he sustained when he tripped and fell over several closet rods in an aisle of a Home Depot store. We granted Home Depot's application for interlocutory appeal to determine whether the trial court erred in denying Home Depot's motion for summary judgment.

While shopping for a computer table, Day and his son were directed to a particular aisle by a Home Depot employee. Day testified in his deposition that while moving down the aisle and scanning the shelves, he observed a movable pipe ladder and boxes stacked on the floor which they walked around. However, approximately six feet further down the aisle, Day tripped and fell on six to ten closet rods which were either stacked upright against the shelves or placed on the floor. The rods measured two feet in length and were individually wrapped for sale in plastic with a printed blue label. The rods were manufactured by Clairson International Corporation whose employee placed the rods on the floor while he was changing the product display. Day first testified that he was not distracted by anything immediately before the fall but that he did not see the rods on the floor because they were possibly camouflaged or blended with the color of the concrete floor. However, he later admitted that he could not remember the color of the rods. After the fall, the rods were placed back in the same position as they had been prior to the fall. Day admitted that he was then able to see the rods.

Home Depot moved for summary judgment on the ground that the rods were an obvious hazard which could have been avoided had Day been exercising ordinary care for his own safety. We agree and find the plain view doctrine controlling.

"[A] merchant has the right to place certain articles in the aisles of his store, ' "[but], the merchant must so place such articles so as not to threaten danger to those using the aisle and so that they are in full sight and within the observation of everyone." (Cit.)' [Cit.]" *Stone v. Winn Dixie Stores*, 212 Ga. App. 291, 292 (442 SE2d 1) (1994).

"The customer must exercise ordinary care for his own safety, and must by the same degree of care avoid the effect of the merchant's negligence after it becomes apparent to him or in the exercise of ordinary care he should have learned of it. He must make use of all his senses in a reasonable measure amounting to ordinary care in discovering and avoiding those things that might cause hurt to him." (Citations and punctuation omitted.) *Smith v. Wal-Mart Stores*, 199 Ga. App. 808, 810 (406 SE2d 234) (1991). " 'It was incumbent upon [Day], as a matter of law, to use [his] eyesight for the purpose of discovering any discernible obstruction or defect in [his] path. (Cits.)' [Cits.] There is no duty to warn of an obvious peril. [Cits.]" *Riggs v. Great Atlantic &c. Tea Co.*, 205 Ga. App. 608, 609 (423 SE2d 8) (1992).

Even if we were to accept Day's contention that Home Depot was negligent in placing the closet rods in the aisle, the following discussion demonstrates "'there is no genuine issue that the cause of [Day's] fall was [his] own failure to exercise ordinary care.' [Cits.]" *Colevins v. Federated Dept. Stores*, 213 Ga. App. 49, 52 (3) (443 SE2d 871) (1994).

As was the case in *Colevins*, Day speculated that he did not see the rods because they blended with the color of the floor. However, the evidence shows that the rods were discernible as there was no obstruction of Day's view of the area where he fell, the six to ten 24-inch rods were individually packaged in plastic with blue labels, and Day eventually admitted the rods were visible. Accordingly, Day's admission that the rods were visible is fatal. *Jester v. Ingles Market*, 206 Ga. App. 327, 329 (425 SE2d 323) (1992). "In *Smith* we held that summary judgment is appropriate if the plaintiff could have seen the hazardous condition had she looked." Id. Day's admission that he was scanning the shelves immediately prior to the fall demonstrates that he was not looking at the floor ahead. Any distraction caused by Day's scanning of the shelves was self-induced because "[i]tems of stock on shelves in . . . stores are not in themselves distractions." *Riggs*, supra at 610.

Accordingly, the trial court erred in denying Home Depot's motion for summary judgment.

*Judgment reversed. Birdsong, P. J., and Blackburn, J., concur.*

DECIDED MARCH 7, 1995 —
RECONSIDERATION DENIED MARCH 29, 1995 —

*Brennan & Wasden, Joseph P. Brennan, Marvin W. McGahee,* for appellants.

*Jones, Boykin & Associates, Harold J. Cronk,* for appellee.