## A95A1654. J. H. HARVEY COMPANY v. EDWARDS et al.
### (466 SE2d 246)

BLACKBURN, Judge.

Upon the grant of its application for discretionary appeal, J. H. Harvey Company appeals the trial court's order denying its motion for summary judgment in the underlying slip and fall action.

While shopping for groceries, Alverna Edwards slipped and fell when she stepped on some green beans on the floor of a grocery store operated by J. H. Harvey Company (the store). Edwards and her husband[1] sued the store for injuries she sustained in the fall claiming that the green beans on the floor were a hazardous condition which the store negligently allowed to exist, and that her injuries resulting from the fall were proximately caused by the store's failure to keep the premises safe.

Edwards testified at her deposition that she entered the store, got a shopping cart, picked up several items at the front of the store, and pushed the cart down the produce aisle up to a display of green beans on a table in the aisle. She testified that she saw a store employee standing there displaying or working with the beans. Edwards further testified that she does not look at the floor when she is using a shopping cart, but that if she had looked at the floor she could have seen the beans. Edwards was also asked by defense counsel during her deposition if she was distracted by anything in the produce section. She replied: "No; except the beans. I was looking at the beans."

After her deposition, Edwards filed an affidavit in opposition to summary judgment in which she stated: "I entered [the store] and proceeded to the produce section. My attention was directed to a display stand, located in the center of the aisle, where a store employee was prepping string beans which had been placed on the stand. This gentleman and I exchanged greetings, after which the employee

---

[1] Mrs. Edwards' husband was joined as a party plaintiff in the action by court order on the basis that he was entitled to assert a loss of consortium claim.

stated: 'These are mighty pretty beans!' I nodded my head in agreement, and thereafter responded: 'I think I'll have a look at them.' As I stepped forward, I slipped on several beans which were lying on the floor."

"Where the party upon whom the burden of proof at trial does not lie, makes a motion for summary judgment, all of the evidence adduced on said motion, including the testimony of the party opposing the motion, is construed most strongly against the movant." *Sheriff's Best Buy v. Davis*, 215 Ga. App. 290, 291 (450 SE2d 319) (1994). So construing Edwards' deposition and affidavit, the testimony in both is consistent with the fact that at the exact moment she slipped Edwards was looking at the green bean display. Edwards deposed that a store employee was working with the beans at the time she fell, however, she was not questioned as to whether the employee said anything to her before her fall. Therefore, the averments in her affidavit were merely further explanation of the circumstances surrounding her fall which were not elicited during her deposition.

"In *Barentine v. Kroger Co.*, 264 Ga. 224, 225 (443 SE2d 485) (1994), our Supreme Court held that the plaintiff's explanation as to why he was not looking where he was going as he approached the check-out counter, that being, that he was looking at the cashier to tell him he was ready to check out, created a fact issue for jury determination. 'This testimony is some evidence that Barentine exercised reasonable care for his own safety in approaching the check-out counter.' " *Sheriff's Best Buy*, supra at 291. In *Sheriff's Best Buy*, a store employee greeted the plaintiff who fell as she responded to the greeting. Id. at 290. We applied the Supreme Court's analysis from *Barentine*, supra, and determined that an even stronger case was made for finding that some evidence of reasonable care on the plaintiff's part existed where communication was generated by the store employee, rather than by the plaintiff, as in *Barentine*. Id. at 291.

"Looking continuously, without intermission, for defects in a floor is not required in all circumstances. What is 'a reasonable lookout' depends on all the circumstances at the time and place. Moreover, appellant, as the movant for summary judgment, had the burden of showing that there was no diversion attributable to it which . . . caused [Edwards'] attention to be drawn away from the [floor]. Where a proprietor owes a duty to its invitees to keep the premises in a safe condition for their passage, the setting up of a distraction, by a sign or *conduct*, which will so divert the customer's attention as to be the proximate cause of his injury in colliding with what might otherwise be a patent and even safe appurtenance, may constitute actionable negligence on the part of the defendant." (Citations and punctuation omitted; emphasis supplied.) *Food Giant v. Cooke*, 186 Ga. App. 253, 257 (366 SE2d 781) (1988).

In the present case, our previous decision in *Sheriff's Best Buy*, and the Supreme Court's analysis in *Barentine*, preclude summary judgment for the defendant herein. The trial court's denial of the defendant's motion for summary judgment is affirmed.

*Judgment affirmed. Beasley, C. J., McMurray, P. J., Pope, P. J., Johnson and Ruffin, JJ., concur. Smith, J., concurs specially. Birdsong, P. J., and Andrews, J., dissent.*

SMITH, Judge, concurring specially.

While I concur in the majority opinion, I cannot agree with all that is said with respect to the Georgia Supreme Court's opinion in *Barentine v. Kroger Co.*, 264 Ga. 224 (443 SE2d 485) (1994). See separate opinion in *Baker v. Winn Dixie Stores,* 219 Ga. App. 513 (465 SE2d 710) (1995).

ANDREWS, Judge, dissenting.

In order to recover on this claim, Edwards must show that J. H. Harvey Company (the store) had actual or constructive knowledge of the hazard created by the green beans on which she slipped and that she was without knowledge of the hazard or for some reason attributable to the store she was prevented from discovering the hazard. *Alterman Foods v. Ligon,* 246 Ga. 620, 623 (272 SE2d 327) (1980). In other words, even if it is assumed that the store had actual or constructive knowledge of the hazard, the store would still be entitled to summary judgment if Edwards knew about the hazard or should have discovered and avoided it, unless the store somehow prevented her from discovering it. Id.; *Smith v. Wal-Mart Stores,* 199 Ga. App. 808, 810 (406 SE2d 234) (1991). In assessing whether or not Edwards knew about or should have discovered and avoided the hazard created by the green beans on the floor, the rules set forth in *Alterman Foods,* supra, are applicable and require that Edwards must "exercise ordinary care for [her] own safety, and must by the same degree of care avoid the effect of the [store's] negligence after it becomes apparent to [her] or in the exercise of ordinary care [she] should have learned of it. [She] must make use of all [her] senses in a reasonable measure amounting to ordinary care in discovering and avoiding those things that might cause hurt to [her]." (Citations and punctuation omitted.) *Alterman Foods,* supra at 623.

Edwards testified at her deposition that she entered the store, got a shopping cart, picked up several items at the front of the store, and pushed the cart down the produce aisle up to a display of green beans on a table in the aisle. She testified that she saw a store employee standing there displaying or working with the beans. Defense counsel asked Edwards to recount the circumstances of the fall.

"Q: I want you to tell me all you remember about the fall and

what you fell on. A: I walked up there and slipped on some beans, and I fell. Q: Now you say 'some beans.' Was it several beans? A: It was more than one. . . . Q: Did you see these beans before you fell? A: No; I did not. Q: Why didn't you see them before you fell? A: Well, I had items in my buggy and I was looking at the beans. I was not looking on the floor."

Edwards testified that she saw the beans on the floor after she fell. She was then asked if she could have seen the beans if she had looked down at the floor.

"Q: If you had been looking down at the floor when you fell, could you have seen the beans? A: Not with the items in my buggy, I could not have. Q: Let's take the buggy out of it. If you had been looking down at the floor, could you have seen the beans when you fell? A: I don't think so because I was viewing the beans. Q: . . . If you had been looking at the floor instead of looking at the beans, could you have seen the beans? A: If they had been down there, I guess I could have."

Edwards further testified that she does not look at the floor when she is using a shopping cart, but that if she had looked at the floor she could have seen the beans. Edwards was also asked by defense counsel during her deposition if she was distracted by anything in the produce section. She replied: "No; except the beans. I was looking at the beans."

According to Edwards' deposition testimony, the green beans were visible on the floor of the store and she could have seen them if she had looked. But she did not look because the shopping cart blocked her view and she was distracted by the green beans on the display. After her deposition, Edwards filed an affidavit in opposition to summary judgment in which she stated that: "I entered [the store] and proceeded to the produce section. My attention was directed to a display stand, located in the center of the aisle, where a store employee was prepping string beans which had been placed on the stand. This gentleman and I exchanged greetings, after which the employee stated: 'These are mighty pretty beans!' I nodded my head in agreement, and thereafter responded: 'I think I'll have a look at them.' As I stepped forward, I slipped on several beans which were lying on the floor."

To the extent Edwards' affidavit attempts to establish that she failed to see the beans on the floor because she was distracted by the actions or comments of a store employee, the affidavit should not be considered because it contradicts her earlier deposition testimony and falls under the contradictory testimony rule set forth in *Prophecy Corp. v. Charles Rossignol, Inc.*, 256 Ga. 27 (343 SE2d 680) (1986). In describing the circumstances of the fall during her deposition, Edwards made no mention of being distracted by a comment made by

the store employee, but gave other reasons for the fall. When asked why she did not see the beans on the floor, she explained that she had items in her shopping buggy and that she was looking at the beans and not at the floor. When specifically asked if she was distracted by anything she stated: "No; except the beans. I was looking at the beans." Four months after giving this deposition testimony, and in response to the store's motion for summary judgment, Edwards filed an affidavit stating that the employee working at the bean display greeted her and commented, "These are mighty pretty beans." Relying solely on this affidavit, Edwards now seeks to avoid summary judgment by claiming that her fall was caused when she was distracted by the comment made by the store employee. Although Edwards never deposed whether or not the store employee said anything to her prior to her fall, her deposition testimony as a whole was clearly contrary to her subsequent claim in the affidavit that a comment made by the store employee distracted her. "Any contradictory testimony or statements by [Edwards], as to these admitted factual matters, and for which no reasonable explanation for inconsistencies was given, would have to be construed against [her] pursuant to the rule of *Prophecy Corp.*, [supra]." (Citations and punctuation omitted.) *Saffar v. Chrysler First Business Credit Corp.*, 215 Ga. App. 239, 241 (450 SE2d 267) (1994). Since Edwards testified in her deposition that the display of beans was all that distracted her, any statement in her affidavit to the contrary, for which she offered no explanation, must be eliminated from consideration on the motion for summary judgment. *Freeman v. Oak Grove Animal Clinic, P.C.*, 214 Ga. App. 362, 363 (448 SE2d 28) (1994); *Prophecy Corp.*, supra.

As the record stands after the elimination of any additional distraction theory advanced in the affidavit, Edwards' only claim is that she was not able to see and avoid the otherwise plainly visible beans because: (1) she was prevented from seeing the floor by her cart and the items in it, and (2) the beans displayed on the stand in the produce section distracted her attention. The fact that the shopping cart obscured her vision of the floor did not relieve Edwards of the duty to look where she was going before she pushed the cart forward into a position that obscured the otherwise visible hazard. *Minor v. Super Discount Markets*, 211 Ga. App. 123, 124 (438 SE2d 384) (1993). Moreover, Edwards cannot claim that her duty to exercise ordinary care to avoid a plainly visible hazard was diminished because she was looking at items she wanted to purchase. Her attention to the green beans displayed on a stand in the produce section was not a distraction induced by the store, but was a self-induced distraction which provided no excuse for failing to exercise ordinary care to watch where she was stepping and avoid a plainly visible hazard on the floor. *Piggly Wiggly Southern v. Weathers*, 216 Ga. App. 12, 14 (453

SE2d 74) (1994).

Edwards' failure to exercise ordinary care for her own safety to avoid stepping on the plainly visible green beans was, as a matter of law, the proximate cause of her slip and fall and resulting injuries. *Jester v. Ingles Market*, 206 Ga. App. 327, 329 (425 SE2d 323) (1992); *Winn Dixie Stores v. Carroll*, 212 Ga. App. 234 (441 SE2d 432) (1994). Nothing in *Barentine v. Kroger Co.*, 264 Ga. 224, 225 (443 SE2d 485) (1994), relied upon by the majority, requires a different conclusion. The trial court erred by denying the store's motion for summary judgment.

I am authorized to state that Presiding Judge Birdsong joins in this dissent.

DECIDED DECEMBER 5, 1995 —
RECONSIDERATION DENIED DECEMBER 20, 1995.

*Young, Thagard, Hoffman, Scott & Smith, James Thagard, J. Holder Smith, Jr.*, for appellant.

*Dorough & Sizemore, Kermit S. Dorough, Jr., Jones & Jones, L. Earl Jones, Stefanie J. Abbott*, for appellees.