A95A2463. DOAK v. U. S. PRIME PROPERTY, INC. et al.
(469 SE2d 812)

Judge Harold R. Banke.
In this slip and fall case, Elaine Doak appeals the trial court's

grant of summary judgment to U. S. Prime Property ("Prime"), the owner of the shopping mall where the injury occurred, and third-party defendant Service Management Systems, Inc. ("SMS"), the mall's cleaning service.

Viewed in the light most favorable to the non-movant, the evidence shows that Doak, a woman in her mid-60s, fell on a fresh flower petal lying in the common area of the mall and injured her neck, head, back, and left leg. *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991). A man sitting nearby who witnessed her fall noticed a small wet spot, discovered the petal, and brought it to Doak's attention. Doak testified that nothing distracted her attention before the fall. Several witnesses to the fall testified that they could not recall seeing any maintenance personnel patrolling the area at the time Doak fell.

Doak subsequently filed this action, alleging negligence. The trial court granted summary judgment, finding that: (1) evidence of SMS's regular inspection procedure in place when the injury occurred refuted Doak's claim that Prime or SMS had constructive knowledge of the petal; and (2) no evidence supported Doak's allegations that the floor looked slippery and she could not see the flower because it blended with the design on the floor.

To prevail on summary judgment, the moving party must show that no genuine issues of material fact remain to be tried and that the undisputed facts, viewed in the light most favorable to the non-movant, warrant summary judgment as a matter of law. *Lau's Corp.*, supra. Defendants who will not bear the burden of proof at trial may prevail on summary judgment by pointing out by reference to the record that there is no evidence sufficient to create a genuine jury issue on at least one essential element of plaintiff's case. Id. *Held*:

The trial court properly granted summary judgment. To recover, Doak had to present evidence that: (1) Prime or SMS had actual or constructive knowledge of the petal; and (2) she lacked knowledge of, or they prevented her from discovering, the petal. *Smith v. Wal-Mart Stores*, 199 Ga. App. 808, 809 (406 SE2d 234) (1991). Theoretically, the sole basis for imposing liability on Prime and SMS would be their superior knowledge of the allegedly hazardous condition. *Shansab v. Homart Dev. Co.*, 205 Ga. App. 448, 450 (3) (422 SE2d 305) (1992).

Because there is no evidence that Prime and SMS had actual knowledge of the petal, as movants they bore the burden of showing that no genuine issues of fact remained to be tried as to their lack of constructive knowledge of the allegedly hazardous condition. *Winn-Dixie &c. v. Ramey*, 186 Ga. App. 257, 258-259 (2) (366 SE2d 785) (1988). Constructive knowledge can be established with evidence that: (1) Prime or SMS failed to exercise reasonable care in inspecting the premises; or (2) an employee was in the immediate vicinity of the haz-

ardous condition and could easily have noticed and corrected it. *Smith*, 199 Ga. App. at 809. Because there is no evidence that employees were in the vicinity when Doak fell, we must focus on the degree of care expended in inspecting the premises. Evidence of adherence to reasonable and customary inspection and/or cleaning procedures on the day of the injury refutes a claim of constructive knowledge. *Mallory v. Piggly Wiggly Southern*, 200 Ga. App. 428 (1), 430 (408 SE2d 443) (1991). When such evidence is produced, the burden then shifts to the non-movant to demonstrate that the hazard had been on the floor long enough to allow a reasonable time for its removal. *Ramey*, 186 Ga. App. at 259.

Prime and SMS presented evidence that reasonable and customary inspection and cleaning procedures were in place the day Doak fell. An SMS supervisor attested that he had patrolled and inspected the area at issue every half hour during the operative time to assure that another SMS employee, who was responsible for inspecting and cleaning the area each half hour, was doing his job. The supervisor denied seeing any flower petals. This evidence is sufficient to refute Doak's allegations of constructive knowledge.

Although Doak responded with testimony from several witnesses who could not recall seeing any maintenance personnel before she fell, the record is silent on whether the supervisor wore a uniform, insignia, or other indicia of his position. Further, the witnesses agreed that it was possible that maintenance personnel came by but they did not notice them. Moreover, two of the witnesses admitted that they had not been in the area for over 30 minutes and the third gave confusing testimony that he had been there "10 or 15 minutes" and a "half hour or an hour." Doak testified that she had no idea how long the petal had lain on the floor. The evidence is not sufficient to raise a genuine issue of material fact as to whether SMS had adhered to its inspection policy.

We reject Doak's arguments that Prime and SMS had superior constructive knowledge of the hazard because their employees were more familiar with the floor's shininess and design, both of which purportedly prevented her from seeing the petal. No evidence supports this contention or demonstrates that Prime or SMS failed to exercise reasonable care in maintaining the premises. Compare *Flood v. Camp Oil Co.*, 201 Ga. App. 451 (411 SE2d 348) (1991) (defendant failed to present evidence that it followed usual inspection procedures). Moreover, the surface and design were open and obvious, and Doak in effect had equal knowledge of them. *Froman v. George L. Smith &c.*, 197 Ga. App. 338, 339 (398 SE2d 413) (1990). Further, the record shows that Doak was familiar with the floor's surface and design, having walked over the area numerous times during prior visits to the mall. In the absence of any proof that Prime and SMS had superior

knowledge of the hazard, summary judgment was appropriate.
*Judgment affirmed. Beasley, C. J., and Pope, P. J., concur.*

DECIDED MARCH 11, 1996.

*Barr, Warner, Lloyd & Henifin, Karen D. Barr*, for appellant.
*Forbes & Bowman, Morton G. Forbes, John A. Foster, Woodall & Mackenzie, Malcolm Mackenzie III*, for appellees.