A96A0225. NAILS et al. v. FOOD LION, INC.
(471 SE2d 327)

Judge Harold R. Banke.

Veronica Nails sued to recover for damages allegedly incurred when she slipped and fell while grocery shopping at Food Lion, Inc. ("Food Lion"). Paul Nails brought a loss of consortium claim. The Nails appeal the trial court's determination that as a matter of law, Veronica Nails failed to exercise due care for her own safety and was barred from recovery.

Summary judgment is appropriate when the court, viewing all the evidence and drawing reasonable inferences in a light most favorable to the non-movant, concludes that the evidence does not create a triable issue as to each essential element of the case. *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991). Viewed in that light, the evidence was as follows: Food Lion followed a regular store inspection procedure and had mopped and swept the entire store floor less than one hour before the time of Nails' fall. Food Lion's policy was that all employees be on a constant lookout for any foreign substances and take immediate action to remedy any problems. Shortly before Nails fell, a Food Lion stocker discovered a broken jar of mayonnaise and immediately placed a bright yellow A-frame "wet floor" sign over the entire spill. The employee then proceeded to the front of the store to get someone to clean up the spill. As Nails was walking along the back aisle with her husband, she suddenly slipped and fell. After she fell, she noticed some mayonnaise and broken glass on the floor as well as a "wet floor" sign in the area. Although Nails testified that she first saw the foreign substance after she fell, she admitted that if she had been looking down at the floor, she would have seen the mayonnaise prior to falling. The evidence conflicted as to whether the "wet floor" warning sign was properly positioned and whether there was an exposed area of the aisle that was not covered by the warning sign. *Held*:

The Nails' sole enumeration is that the trial court erroneously granted summary judgment. We disagree. In order to avoid summary judgment on her slip and fall claim, Nails had to show that Food Lion had actual or constructive knowledge of the foreign substance on the floor and that she was without knowledge or for some reason attributable to Food Lion was prevented from discovering the hazard. *Alterman Foods v. Ligon*, 246 Ga. 620, 623 (272 SE2d 327) (1980). Food Lion would be entitled to summary judgment if Nails knew

about the hazard or should have discovered and avoided it, unless the store somehow prevented her from discovering it. *Smith v. Wal-Mart Stores*, 199 Ga. App. 808, 810 (406 SE2d 234) (1991). Nails admitted that her attention was not diverted by products on the shelves and presented no evidence that Food Lion prevented her from discovering the hazard.

Nails' admission that she could have seen the foreign substance if she had been looking is fatal to her claim. A customer, like Nails, must exercise ordinary care for her own safety, and must by the same degree of care avoid the effect of the merchant's negligence after it becomes apparent to her or in the exercise of ordinary care she should have learned of it. *Bloch v. Herman's Sporting Goods*, 208 Ga. App. 280, 281 (430 SE2d 86) (1993). Even assuming arguendo that Food Lion was in some way negligent, Nails' apparent failure to watch where she was walking forecloses her recovery against Food Lion. OCGA § 51-11-7. See *Moore v. Winn-Dixie Stores*, 214 Ga. App. 157, 159-160 (2) (447 SE2d 122) (1994); *Jester v. Ingles Market*, 206 Ga. App. 327, 329 (425 SE2d 323) (1992). Having successfully pierced an essential element of Nails' case, Food Lion was entitled to summary judgment as a matter of law. *Lau's Corp.*, 261 Ga. at 495.

*Judgment affirmed. Johnson, J., concurs. McMurray, P. J., concurs in the judgment only.*

### DECIDED MAY 14, 1996.

*Crawford, Hinesley & Jennings, William F. Hinesley III,* for appellants.

*Painter, Ratterree & Bart, Sarah B. Akins,* for appellee.