## A96A1341. BARKER v. SHONEY'S, INC.
(474 SE2d 284)

Judge Harold R. Banke.

Palma Jean Barker sued Shoney's, Inc. ("Shoney's") after she slipped on a tablespoonful of pudding or dressing and injured her back while walking down an aisle. The trial court granted Shoney's motion for summary judgment, and Barker appeals.

To prevail on summary judgment, defendants who will not bear the burden of proof at trial may point out by reference to the record that there is no evidence, viewed in the light most favorable to the non-movant, sufficient to create a genuine jury issue on at least one essential element of plaintiff's case. *Lau's Corp. v. Haskins*, 261 Ga.

491 (405 SE2d 474) (1991). Viewed in that light, the record shows that Barker entered Shoney's around 10:00 p.m. when the restaurant was far from full. She had previously visited the restaurant between 25 and 50 times. After drinking a cup of coffee, she decided to go to the rest room. Although she failed to see the yellowish substance on which she slipped, the area was well lit, and nothing obstructed her view of the floor. Barker testified on deposition that she slipped but did not fall completely down and a customer seated close by reached out to help, but did not touch her. She continued on to the bathroom, and then informed the cashier that she had slipped and someone was going to break their neck if the mess on the floor was not cleaned up. Barker reported seeing only her waitress, the cashier, and two other employees. *Held*:

Summary judgment was properly granted because Barker failed to prove that: (1) Shoney's had actual or constructive knowledge of the substance on the floor, and (2) she lacked knowledge of or Shoney's prevented her from discovering the substance. *Smith v. Wal-Mart Stores*, 199 Ga. App. 808, 809 (406 SE2d 234) (1991). The basis for Shoney's liability would be its superior knowledge. *Shansab v. Homart Dev. Co.*, 205 Ga. App. 448, 450 (422 SE2d 305) (1992).

Because there is no evidence that Shoney's had actual knowledge, the issue presented is whether it had constructive knowledge of the allegedly hazardous condition. Constructive knowledge can be established with evidence that (1) the substance had been on the floor for such a time that it would have been discovered had Shoney's exercised reasonable care in inspecting its premises, or (2) an employee was in the immediate vicinity of the hazardous condition and could easily have noticed and corrected it. *Jester v. Ingles Market*, 206 Ga. App. 327, 328 (425 SE2d 323) (1992); *Smith*, 199 Ga. App. at 809.

Shoney's offered evidence that employees had mopped the floor at least once and conducted their usual, constant inspection of the floors during the shift in which Barker slipped. The manager testified that although no designated person was specifically responsible for ensuring the floor's cleanliness, it was continually monitored by each employee. The assistant manager on duty that night testified that she seated all the customers and, although she did not specifically remember seating Barker, she inspected the floor each time she seated customers. Customers were seated next to the spot where Barker slipped. The assistant manager also attested she tried to conduct hourly inspections of the premises and had continuously monitored the floor on the evening Barker slipped. She reported that she had not noticed the substance on which Barker slipped. This evidence is sufficient to show that Shoney's had a reasonable inspection program in effect on the day Barker slipped; thus, the burden shifted

to Barker to show how long the dangerous condition had remained on the floor. *Sheriff v. Hosp. Auth. of Houston County*, 221 Ga. App. 14, 15 (471 SE2d 3) (1996).

However, Barker presented no evidence of this essential element of her case. In the absence of such proof, constructive knowledge may not be imputed to Shoney's because no determination that Shoney's had a reasonable amount of time to inspect and remove the hazard is possible. *Daniel v. John Q. Carter Enterprises*, 218 Ga. App. 223, 225 (460 SE2d 838) (1995). " 'It is well settled that a proprietor is under no duty to patrol the premises continuously in the absence of facts showing that the premises are unusually dangerous.' [Cit.]" *Johnson v. Autozone*, 219 Ga. App. 390, 392 (465 SE2d 463) (1995). Barker made no such showing.

Nor does the evidence support the theory that Shoney's employees could easily have noticed the substance and removed it. Barker attested that the substance blended with the floor's color and was invisible from her perspective. She presented no proof that a Shoney's employee was in the immediate vicinity of the substance, testifying only that the cashier remained at the front of the restaurant and she had not paid attention to the movements of the other employees. Because Barker failed to present any evidence that Shoney's had actual or constructive knowledge of the substance on which she slipped, summary judgment was not error.

*Judgment affirmed. Beasley, C. J., and Birdsong, P. J., concur.*

DECIDED AUGUST 1, 1996.

*Hughes & Gibson, Ralph E. Hughes*, for appellant.
*Drew, Eckl & Farnham, George R. Moody*, for appellee.