A97A2204. HASKINS v. PIGGLY WIGGLY SOUTHERN, INC.
(496 SE2d 471)

Judge Harold R. Banke.
Doreatha Haskins sued Piggly Wiggly Southern, Inc. d/b/a Piggly Wiggly Food Store and Bruno's Inc. ("Piggly Wiggly") to recover for personal injuries allegedly sustained in an incident occurring in a Piggly Wiggly store. Enumerating two errors, Haskins appeals the summary judgment awarded to Piggly Wiggly.

The evidence, when viewed in a light most favorable to Haskins, the non-movant, showed that nearly immediately after entering a Piggly Wiggly store, as Haskins was proceeding between two registers, she suddenly slipped on a small puddle of water and twisted her right ankle. Haskins was able to halt her fall by grabbing a candy rack. Haskins admitted that she was very familiar with this particular store and had shopped there on numerous occasions. Haskins testified that had she been looking down at the floor when she slipped she would not have been able to see the water. She testified that the water could not be seen from a standing position and that she had to "get down" to see it.

Leroy Davis, an assistant manager, testified that he did not witness the incident and did not learn about it until the next day. According to Davis, who was familiar with store cleaning procedures, a cleaning crew cleaned the floors each night. Davis testified that

although Piggly Wiggly had no specific set times for checking the floors, Piggly Wiggly had a store policy requiring that the management and employees maintain a continuous lookout for spills, so that corrective action could be taken. According to Davis, managers checked the store for hazards periodically during the day.

Piggly Wiggly moved for summary judgment contending that Haskins failed to show that it had superior knowledge of the allegedly hazardous condition. The trial court granted summary judgment to Piggly Wiggly. *Held*:

Haskins contends that genuine issues of material fact precluded summary judgment. We disagree. The mere showing of the occurrence of an injury does not create a presumption of negligence. Rather the true ground of liability is the owner or occupier's superior knowledge of the hazard and the danger therefrom. *Cook v. Home Depot*, 214 Ga. App. 133, 134 (1) (447 SE2d 35) (1994). "[I]n order to recover for injuries sustained in a slip-and-fall action, an invitee must prove (1) that the defendant had actual or constructive knowledge of the hazard; and (2) that the plaintiff lacked knowledge of the hazard despite the exercise of ordinary care due to actions or conditions within the control of the owner/occupier." *Robinson v. Kroger Co.*, 268 Ga. 735, 748-749 (493 SE2d 403) (1997). See *Alterman Foods v. Ligon*, 246 Ga. 620, 624 (272 SE2d 327) (1980).

Thus, to avert summary judgment, Haskins had to present sufficient evidence to satisfy both knowledge requirements set forth in *Robinson*, supra. This she failed to do. It is undisputed that Haskins did not offer any evidence that Piggly Wiggly had actual knowledge of the alleged hazard. Nor did Haskins sustain her burden of showing that Piggly Wiggly had constructive knowledge of the foreign substance. See *Alterman Foods*, 246 Ga. at 622-623.

Constructive knowledge of a foreign substance may be shown by evidence that the foreign substance had been on the floor for a sufficient period of time that in the exercise of ordinary care, the defendant should have noticed and removed the hazard or by evidence that the defendant had an employee in the immediate area of the hazard who could have easily seen and removed the hazard before the plaintiff's fall. *Jester v. Ingles Market*, 206 Ga. App. 327, 328 (425 SE2d 323) (1992).

In this case, Haskins did not establish the length of time the water had been on the floor and, in fact, admitted that she had no idea how long it had been there. Haskins failed to offer any evidence even suggesting that the foreign substance was present for a sufficient time for knowledge of its presence to be imputed to Piggly Wiggly. *Moore v. Kroger Co.*, 221 Ga. App. 520, 521 (471 SE2d 916) (1996). Moreover, Haskins testified that she would not have been able to have seen the water before she fell even if she had been looking down

at the floor. Inasmuch as the purported hazard was not readily visible to Haskins, she did not establish that a Piggly Wiggly employee could have easily seen and removed it. See id.; *Jester*, 206 Ga. App. at 328. Showing that an "employee [was] merely working in the immediate area of a foreign substance is not enough; the employee must have been in a position to have easily seen the substance and removed it." *Coffey v. Wal-Mart Stores,* 224 Ga. App. 824, 828 (2) (482 SE2d 720) (1997). Here, Haskins conceded that the water was difficult to discern and that the only employee in the immediate area was busy with customers at her register. Haskins made no claim that Piggly Wiggly obstructed her view or distracted her from observing the alleged danger. Compare *Barentine v. Kroger,* 264 Ga. 224 (443 SE2d 485) (1994).

Because Haskins failed to sustain her evidentiary burden of showing that Piggly Wiggly had actual or constructive knowledge of the alleged hazard and that such knowledge exceeded hers, Piggly Wiggly was entitled to summary judgment as a matter of law. *Johnson v. Autozone,* 219 Ga. App. 390, 394 (465 SE2d 463) (1995). See *Winn-Dixie Stores v. Carroll,* 212 Ga. App. 234 (441 SE2d 432) (1994) (summary judgment appropriate where plaintiff fails to satisfy either element of the *Alterman* test).

*Judgment affirmed. Pope, P. J., and Johnson, J., concur.*

DECIDED JANUARY 14, 1998 —
RECONSIDERATION DENIED JANUARY 27, 1998.

*Dozier, Lee, Graham & Sikes, Cheryl A. Sikes,* for appellant.
*Jones, Cork & Miller, Timothy Harden III,* for appellee.